## Commonwealth v. Casey, Appellant.

*Constitutional law—Special legislation—Regulation of hours of labor—Municipalities—Municipal corporations—Private powers and duties—Classification—Act of July 26, 1897, P. L. 418.*

1. The Act of July 26, 1897, P. L. 418, entitled "An Act to regulate the hours of mechanics, workingmen and laborers in the employ of the State or municipal corporations therein, or otherwise engaged in public works," is unconstitutional, inasmuch as it contravenes Art. III,

sec. 7, of the constitution of Pennsylvania which provides that "the General Assembly shall not pass any local or special law . . . . regulating labor, trade, mining or manufacturing."

2. Although the act, by its terms, includes all the municipalities in the state, yet, as its subject is one not within the purposes of classification, it is a special law within the meaning of the constitution.

3. Municipalities with respect to matters not political and governmental, but proprietary and private, are to be regarded as private corporations.

4. So far as a municipal corporation is endowed by law with the power of contracting, and is made capable of acquiring, holding and disposing of property, and subject to the liabilities incident to the exercise of such power and capacity, such municipal corporations must stand on the same ground of exemption from legislative control and interference as a private corporation.

Argued Oct. 18, 1910. Appeal, No. 183, Oct. T., 1910, by defendant from judgment of Superior Ct., April T., 1910, No. 101, affirming judgment of Q. S. Allegheny Co., June Sessions, 1909, No. 217, on verdict of guilty in case of Commonwealth v. John F. Casey. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Appeal from judgment of the Superior Court. See 43 Pa. Superior Ct. 494.

The only point involved in the case is the constitutionality of the Act of July 26, 1897, P. L. 418.

*Error assigned* was the judgment of the Superior Court.

*Denis Æ. Behen,* for appellant.—A municipal corporation possesses two classes of powers and two classes of rights, public and private. In all that relates to one class, it is merely the agent of the state, and subject to its control. In the other it is the agent of the inhabitants of the place, the corporators, maintains the character and relations of individuals and is not subject to the absolute control of the legislature, its creator: Cleveland v. Construction Co., 67 Ohio, 198; Atkins v. Randolph, 31 Vt. 226; Ryan v. New York, 177 N. Y. 271 (69 N. W. Repr. 599); Hunter v. Pittsburg, 207 U. S. 169 (28 Sup. Ct. Repr. 40).

That a municipality is not merely a political and territorial subdivision of the state, like counties, townships and school districts, and other quasi corporations, created wholly for a public purpose, i. e., for the purpose of civil administration, but has duties, capacities and responsibilities of a private nature as well, is well settled in Pennsylvania in a long line of cases: Wheeler v. Philadelphia, 77 Pa. 338; Shuter v. Phila., 3 Phila. 228; Philadelphia v. Fox, 64 Pa. 169; Bucher v. Northumberland County, 209 Pa. 618; Western Savings Fund Society v. Philadelphia, 31 Pa. 175; Western Savings Fund Society v. Philadelphia, 31 Pa. 185; Briegel v. Phila., 135 Pa. 451; Ford v. School District, 121 Pa. 543; Erie School Dist. v. Fuess, 98 Pa. 600; Elliott v. Phila., 75 Pa. 347; Boyd v. Ins. Patrol of Phila., 113 Pa. 269; Philadelphia v. Giltmartin, 71 Pa. 140; Kibele v. Philadelphia, 105 Pa. 41; Bodge v. Philadelphia, 167 Pa. 492; Com. v. Vrooman, 164 Pa. 306.

It is respectfully submitted that this statute under consideration—where the so-called public work is done by the municipality in its private or proprietary capacity, as in the case at bar, by contract with a private contractor —denies both to the municipality and the contractor the right to agree with their employees upon the measure of their compensation,—thus invading their rights of liberty and property as guaranteed them by the constitution of Pennsylvania.

*John Marron*, with him *F. C. McGirr* and *W. A. Blakeley*, district attorney, for appellee.—The Act of July 26, 1897, is constitutional: Atkin v. Kansas, 191 U. S. 207 (24 Sup. Ct. Repr. 124); Ellis v. U. S., 206 U. S. 246 (27 Sup. Ct. Repr. 600); Williams v. Eggleston, 170 U. S. 304 (18 Sup. Ct. Repr. 617); Clinton v. Railroad Co., 24 Iowa, 455; In re Dalton, 61 Kan. 257; State v. Irrigation Co., 63 Kan. 394 (65 Pac. Repr. 681); Mayor, etc., of Frederick v. Groshon, 30 Md. 436.

The act of 1897 is a constitutional exercise of police power: Holden v. Hardy, 169 U. S. 300; Powell v. Penn-

sylvania, 127 U. S. 678 (8 Sup. Ct. Repr. 992, 1257); Powell v. Com., 114 Pa. 265; Com. v. Beatty, 15 Pa. Superior Ct. 5; Com. v. Brown, 8 Pa. Superior Ct. 339; Com. v. Hamilton Mfg. Co., 120 Mass. 383; Davidson v. New Orleans, 96 U. S. 97; Yick Wo v. Hopkins, 118 U. S. 356 (6 Sup. Ct. Repr. 1064); Lawton v. Steele, 152 U. S. 133 (14 Sup. Ct. Repr. 499).

Opinion by Mr. Justice Stewart, April 10, 1911:

This appeal challenges the constitutionality of the Act of July 26, 1897, P. L. 418, entitled "An act to regulate the hours of mechanics, workingmen and laborers in the employ of the state or municipal corporations therein, or otherwise engaged on public works." Briefly, the act provides that eight hours out of the twenty-four of each day shall make and constitute a legal day's work for mechanics, workingmen and laborers engaged and employed as indicated in the title, and makes failure to comply with its provisions, on the part of any person or persons contracting with the state or any municipal corporation, a misdemeanor punishable by fine not exceeding $1,000.

The defendant, with another, contracted with the city of Pittsburg to construct for the municipality a filtration plant. He was charged with violation of the act in that he had permitted and caused certain mechanics, workingmen and laborers employed by him and his associate upon the work, to labor on certain days named more than eight hours in the twenty-four; was found guilty and sentenced accordingly. On appeal to the Superior Court the constitutionality of the act was upheld, and the judgment and sentence of the court below were sustained. In the conclusion thus reached we cannot concur. In the consideration of the question thus presented little is to be gained from the decisions in other states, with respect to laws regulating hours of labor. What may be in strict accordance with the constitution of another state, may be in open conflict with our own; and while it may be that in one or more states, where the constitutional limitations

are not unlike ours, decisions are to be found upholding such legislation as we have here, yet upon examination of the cases it will be seen that they rest fundamentally on a doctrine which has not only never been recognized with us, but one which is opposed to the general current of authority. This doctrine so identifies the municipality with the state as to resolve every municipal power and function into an expression of agency derived from the state; whereas that which has met with the more general acceptance distinguishes clearly between those powers and functions in the exercise of which the municipality is the agent and representative of the state, and those which it has been invested with for the accomplishment of ends, in which the sovereign has no concern whatever, holding that as to the latter the municipality is to be regarded as a private corporation. The bearing of this distinction upon the present controversy will be apparent when we state the governing question in the case. It is this: does the act under consideration offend against the constitutional inhibition of special laws regulating labor, art III, sec. 7? If municipalities, notwithstanding the clear distinction between their governmental and proprietary powers, are nevertheless to be regarded in whatever they do as instrumentalities and agents of the sovereign power, then it follows that inasmuch as the state, like the individual, can limit the hours of labor of its own employees it may impose what regulations it chooses upon its subordinate subdivisions, since the servants of the latter are the servants of the former. If, however, the distinction is to be allowed, and municipalities with respect to matters not political and governmental, but proprietary and private, are to be regarded as private corporations with corresponding powers and duties, then the inquiry must be whether the act under consideration is a special or general law. We have said that the doctrine that municipalities are to be considered in no other light than agencies of the state is opposed to the general current of authority. In support of this we quote what is said by

Judge DILLON in his excellent work on Municipal Corporations, sec. 66 (39). It is impossible to abridge the extract within narrower limits than the text without impairment of the thought. "It assists to an understanding of the extent of legislative power over municipal corporations proper (incorporated towns and cities) to observe that these, as ordinarily constituted, possess a double character; the one governmental, legislative, or public; the other, in a sense, proprietary or private. The distinction between these, though sometimes difficult to trace, is highly important, and is frequently referred to, particularly in the cases relating to the implied or common law liability of municipal corporations for the negligence of their servants, agents or officers in the execution of corporate duties and powers. On this distinction, indeed, rests the doctrine of such implied liability. In its governmental or public character, the municipal corporation is made, by the State, one of its instruments, or the local depository of certain limited and prescribed political powers, to be exercised for the public good on behalf of the state rather than for itself. In this respect, it is assimilated, in its nature and functions, to a county corporation, which is purely part of the governmental machinery of the sovereignty which creates it. Over all its civil, political or governmental powers, the authority of the legislature is, in the nature of things supreme and without limitation, unless the limitation is found in the constitution of the particular state. But in its proprietary or private character, the theory is that the powers are supposed not to be conferred, primarily or chiefly, from considerations connected with the government of the state at large, but for the private advantage of the compact community which is incorporated as a distinct legal personality or corporate individual; and as to such powers, and to property acquired thereunder, and contracts made with reference thereto, the corporation is to be regarded quo ad hoc as a private corporation, or at least not public in the sense that the power of the legislature over it or

the rights represented by it, is omnipotent." The cases cited by Judge DILLON in support of the text show how widely the view expressed has prevailed. To quote at length from these decisions would unduly lengthen this opinion, and for that reason it must be avoided; but the question is so concisely stated and so satisfactorily resolved in Atkins v. Randolph, 31 Vt. 226, 237, that a quotation from the opinion in that case may be allowed: "It is true," says Judge BARRETT, in delivering the opinion of the court, "that in some respects the legislature have a power in respect to municipal corporations that they have not in respect to private corporations, or individuals. They may alter or abolish municipal corporations at pleasure, but yet not so as to defeat the pecuniary rights of individuals as against such corporations, or as depending on their existence. The legislature have the same power in respect to private corporations when that power is reserved in the law creating them. So far as a municipal corporation is endowed by law with the power of contracting, and as such, is made capable of acquiring, holding and disposing of property, and subject to the liabilities incident to the exercise of such power and capacity, such municipal corporations must stand on the same ground of exemption from legislative control and interference as a private corporation." The same views are expressed in the more recent cases of People ex rel. v. Coler, 166 N. Y. 1, and in Cleveland v. Clements Bros. Construction Co., 67 Ohio, 197; and while the naked question has never been expressly decided by the supreme court of the United States, yet that court in its adjudications, as said by Justice MOODY in the recent case of Hunter v. Pittsburgh, 207 U. S. 161, 179, has never extended the absolute power of the state over the property of municipal corporations beyond property held and used for governmental purposes; while in numerous cases, many of which he cites, he says that that court has noticed the distinction which Judge DILLON makes. The decisions in our own state on the main proposition, are

in entire accord with the authorities we have cited, and clearly recognize the dual character of municipal corporations with respect to their powers and duties. In Western Savings Fund Society v. Philadelphia, 31 Pa. 175, it is said by LEWIS, C. J.: "The restriction upon the power of a municipal corporation to enter into contracts which may prevent it from performing its duty to the public, is nothing more than the application of the principle which avoids the contracts of individuals when they are detrimental to the public rights. But the contracts which a municipal corporation may make for the purpose of supplying the inhabitants with gaslight in their streets and houses, relate to the 'things of commerce,' as distinguished in the civil law from the 'things public,' which are regulated by the sovereign. Such contracts are not made by the municipal corporation, by virtue of its powers of local sovereignty, but in its capacity of a private corporation. The supply of gaslight is no more a duty of sovereignty than the supply of water. Both these objects may be accomplished through the agency of individuals or private corporations, and in very many instances they are accomplished by those means. If this power is granted to a borough or a city, it is a special private franchise, made as well for the private emolument and advantage of the city as for the public good. The whole investment is the private property of the city, as much so as the lands and houses belonging to it." In the case immediately following, between the same parties (Western Savings Fund Society v. Phila., 31 Pa. 185) it is said by STRONG, J.: "As a local sovereign it (city of Philadelphia) has no authority to enter into the business of manufacturing and selling gas, for its sovereignty did not extend to such subjects, any more than it did to almost any other manufacture. It is true, a municipal corporation is not bound by any engagement which prevents a discharge of the duties imposed upon it by its organic law, for the plain reason that such engagements are contrary to law. But when such a corporation engages

in things not public in their nature, it acts as a private individual, no longer legislates, but contracts, and is as much bound by its engagements as is a natural person." Following these cases we have Philadelphia v. Fox, 64 Pa. 169, the effect of which is strangely misapprehended, since it is cited as expressing a contrary view. The point there decided, germane to the present inquiry, was that a municipal charter is not a contract with the state, and that the state through the legislature has the power to enlarge or modify the internal arrangement of the municipality so chartered, or extinguish it at its pleasure. But it was there held that so long as the municipality exists, while constantly in subjection to the will of the sovereign, it yet enjoys the right, and is subject to the liabilities of any other corporation, public or private; that "this was the very object of making it a body politic, giving it a legal entity and name, a seal by which to act in solemn form, a capacity to contract and be contracted with, to sue and be sued, *a persona standi in judicio*, to hold and dispose of property, and thereby to acquire rights and incur responsibilities." The cases we have cited were all approved and followed in Wheeler v. Philadelphia, 77 Pa. 338, and again in Girard Life Ins. Co. v. Philadelphia, 88 Pa. 393. A very brief extract from the opinion in the latter case will indicate the point there at issue, and show the attitude of the court with respect to the matter about which we are inquiring: "The supplying of water and gas to a city is not a municipal duty. Hence, when the city undertakes to do so, it acts, not by virtue of any rights of sovereignty but exercises merely the functions of a private corporation." Further examination of our own cases is unnecessary. Those we have cited show conclusively that with us municipal corporations exist in this dual character, and that as to those concerns which are not governmental and political, they enjoy the rights and are subject to the duties which attach to private corporations. Under the doctrine asserted in all our cases, the city of Pittsburg in constructing its filtration plant as a

necessary part of its water system, was not exercising a right of sovereignty; was not therefore an agent or instrumentality of the state, but was acting as a private corporation. How then does this case stand? The act, by its terms, includes all the municipalities in the state, and it is urged that inasmuch as it includes all of a class, it is therefore not special, but general. It requires no argument to show that this attempt at classification, if so intended, must fail. In the matter of legislative classification, regard is always to be had to the subject to which it relates. Notwithstanding the act embraces all of a particular class, yet if the subject is one not within the purposes of classification, the law is special. Such is the doctrine of our cases, especially emphasized and expounded in Ayars' Appeal, 122 Pa. 266, and in Wyoming Street, 137 Pa. 494. The purpose and subject of the act under consideration are both clearly expressed in the title, which reads "An act to regulate the hours of mechanics, workingmen and laborers in the employ of the state or municipal corporations therein, or otherwise engaged on public works." The basis of all classification is a difference in conditions. When difference in conditions exists to an extent that certain political subdivisions would be oppressed by general laws required for the welfare or convenience of certain other subdivisions, classification may be resorted to to provide proper legislation for each. When no such difference exists, classification is never allowed. It is impossible to suggest a difference between municipal corporations and private corporations that would make a regulation as to number of hours to be employed in a day suitable for one class unsuitable for the other. There is no pretense that there is any such difference. So far as labor is concerned, no more is involved in the construction of public works than in private enterprises of like character. The classification here attempted is not with a view to meet the wants of municipal corporations as distinguishable from other corporations, but to ameliorate labor conditions, and it rests on neither distinction nor difference.

As well attempt to classify for labor regulations corporations according to their capital stock, and impose the regulations upon those only whose capitalization brings them within the designated class. Following our own adjudications, too explicit to be mistaken, it results necessarily that the act under consideration offends against the seventh section of art. III of the constitution, which forbids special legislation regulating labor. If this were an attempt by general law to regulate the hours of labor throughout the state, the argument in support of the act based on legislative exercise of police power, would call for consideration; but as the case stands, discussion of this larger question would be wholly irrelevant. We rest our decision on the conclusion reached, that the act transcends the power of the legislature, in that it is special with regard to a subject which can only be legislated upon by general law.

The judgment of the Superior Court is reversed, as well the judgment of the court of quarter sessions of Allegheny County, and the defendant is discharged from his recognizance.