# Chalmers, Appellant, *v.* City of Philadelphia.

*Constitutional law—Constitution of Pennsylvania—Local and special legislation—Act of April 18, 1899, P. L. 49—Examination and licensing of engineers in cities of the first class.*

1. In the absence of real and genuine distinctions, classification for purposes of legislation for each class separately is not permitted.

2. Even though the subject of the legislation is such that separate laws for separate classes are demanded, if the class to which it applies is unnecessarily restricted or improperly selected, still the law is special, since a more enlarged class or other objects similar in character should also have had the benefit of its remedial force.

3. The Act of April 18, 1899, P. L. 49, which provides for the examination and licensing of engineers having charge of steam boilers, steam engines and appliances connected therewith, in cities of the first class, and excluding from its operation persons having charge of or operating steam boilers, or steam engines under 10 horsepower, locomotive boilers used in transportation and steam engines and steam boilers carrying less than fifteen pounds pressure per square inch, is local and special legislation in violation of Article III, Section 7, of the Constitution of Pennsylvania, and is null and void.

Argued March 30, 1915.   Appeal, No. 95, January T., 1915, by plaintiff, from decree of C. P. No. 3, Philadelphia Co., September T., 1914, No. 3190, refusing an injunction, in case of Frank A. Chalmers v. City of Philadelphia, Rudolph Blankenburg, Mayor of said city, George D. Porter, Director of the Department of Public Safety of said city, and John M. Lukens, Chief of the Bureau of Boiler Inspection of said Department of Public Safety of said city.   Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ.   Reversed.

Bill in equity to enjoin defendants from enforcing the provisions of the Act of April 18, 1899, P. L. 49.

Demurrer to bill.   Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

The court sustained the demurrer and dismissed the bill.   Plaintiff appealed.

*Error assigned* was the decree of the court.

*Ira Jewell Williams,* with him *Alex. Simpson, Jr.,* for appellant.—The Act of April 18, 1899, P. L. 49, is a local or special law in violation of Article III, Section 7, of the Constitution of Pennsylvania: Wheeler v. Philadelphia, 77 Pa. 338; Ayars App., 122 Pa. 266; Weinman v. Wilkinsburg & East Liberty Passenger Ry. Co., 118 Pa. 192; Ruan Street, 132 Pa. 257; Wyoming Street, 137 Pa. 494; Commonwealth v. Casey, 231 Pa. 170; Commonwealth v. Bell, 145 Pa. 374.

*Edgar W. Lank,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellee.—The classification provided by the Act of April 18, 1899, P. L. 49, is reasonable and the act therefore does not violate Article III, Section 7, of the Constitution of Pennsylvania: Roumfort Co. v. Delaney, 230 Pa. 374; Reeves v. Philadelphia Traction Co., 152 Pa. 153; Price v. Walton, 20 Pa. D. R. 355; Com. v. Shaffer, 32 Pa. Superior Ct. 497-

501; Com. v. Charity Hospital of Pittsburgh, 198 Pa.
270; Com. v. Hanley, 15 Pa. Superior Ct. 271; Com. v.
Muir, 1 Pa. Superior Ct. 578; Com. v. Brinton, 132 Pa.
69; Sayre Borough v. Phillips, 148 Pa. 482; Shamokin
Borough v. Flanigan, 156 Pa. 43; Bennett v. Norton,
171 Pa. 221; Com. v. Casey, 231 Pa. 170.

OPINION BY MR. JUSTICE POTTER, July 3, 1915:

This was a bill in equity, filed by a citizen and tax-
payer of the City of Philadelphia, against the city, the
mayor, the director of the Department of Public Safety,
and the chief of the Bureau of Boiler Inspection of said
department, for the purpose of testing the constitution-
ality of the Act of April 18, 1899, P. L. 49, which pro-
vides for the examination and licensing of engineers
having charge of steam boilers, steam engines and ap-
pliances connected therewith, in cities of the first class.
In the bill it was averred that the statute was unconsti-
tutional and void as being special and local legislation,
and the plaintiff, therefore, prayed for an injunction to
restrain defendants from enforcing the provisions of the
act.   Defendants demurred on the ground that the act
was constitutional, and the court below sustained the
demurrer.   Subsequently a decree was entered dismiss-
ing the bill.   Plaintiff has appealed, and his counsel here
contend that the act is local and special, and that it is
an attempt to regulate labor, or the pursuit of a trade,
in violation of the provisions of Article III, Section 7,
of the Constitution, which among other things, prohibits
the passage of local or special laws regulating "labor,
trade, mining, or manufacturing." That the statute
was intended to be local in its effect is apparent upon its
face, as it applies only to the operation of steam boilers
and steam engines within certain rather narrow terri-
torial limits, that is within the boundaries of cities of the
first class.   It cannot be justified, therefore, unless it is
upon a subject for which cities may properly be classi-
fied.   A number of our leading cases upon this question,

which make clear the underlying principles of proper classification, are summed up in the opinion of this court in Ashworth v. Pittsburgh Rys. Co., 231 Pa. 539. Tested by these principles, it does not appear that the subject of the statute under consideration falls within the purposes for which cities may properly be classified. Why any distinction should be made in the degree of care required in the operation of steam engines in a city of the first class, and that which is needed in the management of similar engines in other cities of the State, is not apparent. If steam engines require the supervision of licensed engineers, when operated within the limits of a city of the first class, they are equally in need of such oversight in cities of the second and third class, or in any other populous community in the State. Boilers are no more dangerous, or liable to explode, in a city of one class than in that of another. If there is danger, the protection of the public is as important in a small city, or community, as in the larger one. If there is any genuine reason for requiring stationary engineers to be licensed in the City of Philadelphia, the same supervision over them, should be exercised in other towns and cities of the State. It is apparent, however, that in this respect, no substantial difference in conditions exists, which affords a genuine basis for classification along such lines. In the absence of real and genuine distinctions, classification is not permitted. This is the settled doctrine of our cases. Com. v. Casey, 231 Pa. 170; Ashworth v. Pittsburgh Rys. Co., supra.

We think the act in question is also to be regarded as special, in that it applies to particular persons only, of a class. It is dealing with the examination and licensing of men whose labor is expended in caring for and operating steam engines and steam boilers. With those who follow the trade or occupation of engineers. It does not, however, apply to all engineers or persons having charge of, or operating steam boilers or steam engines in cities of the first class, but it expressly excludes persons

having charge of, or operating (1), steam boilers or steam engines under ten-horse power, (2), locomotive boilers used in transportation, and (3), steam engines and steam boilers carrying less than fifteen pounds pressure per square inch. It is not apparent why an engineer operating an engine and boiler over ten-horse power should be required to be licensed, while one without a license may operate an engine and boiler of less than ten-horse power, or carrying less than fifteen pounds pressure per square inch. Nor does any good reason appear why a stationary engineer must have a license, while a locomotive engineer is not required to have one. These distinctions seem to be merely artificial and do not suggest anything which appears to be a proper basis for classification, or discrimination. In Garrett v. Turner, 235 Pa. 383, we said (p. 392) : "The people who own, use or operate automobiles may very properly be classed together, and made subject to legislation which, though distinctive, is appropriate to them, provided the legislation applies to all within the class and affects them all alike. Trades, occupations and professions are proper subjects of classification: Wheeler v. Philadelphia, 77 Pa. 338."

But the trouble with the Act of 1899 is that it does not apply to all within the class, i. e., to all engineers in charge of and operating steam engines and steam boilers, but it applies only to those in charge of and operating engines and boilers in a certain locality, and to engines and boilers of a particular kind, power and pressure. In Com. v. Casey, 231 Pa. 170, the Act of July 26, 1897, P. L. 418, regulating the hours of mechanics, workingmen, and laborers in the employ of municipal corporations or engaged in public works, was held to be a special law, regulating labor, and therefore unconstitutional, because it did not apply to all persons within the class of mechanics, workingmen and laborers, but only to those employed by municipal corporations or in public works. Mr. Justice STEWART there said (p.

179) : "It is impossible to suggest a difference between municipal corporations and private corporations that would make a regulation as to number of hours to be employed in a day suitable for one class unsuitable for the other. There is no pretense that there is any such difference. So far as labor is concerned, no more is involved in the construction of public works than in private enterprises of like character." So, in the present case, it may be said that no greater skill or judgment is required to operate a stationary engine than a locomotive, or an engine of eleven-horse power than one of nine, or to care for a boiler with fifteen or more pounds pressure to the square inch than to supervise one with less pressure. The classification attempted does not seem to be based on any "real distinctions." In Sayre Borough v. Phillips, 148 Pa. 482, this court said (p. 488) : "If a statute, or municipal ordinance, is in reality directed only against certain persons who are engaged in a given business, or against certain commodities, in such manner as to discriminate between the persons who are engaged in the same trade or pursuit, in aid of some at the expense of others, such statute is not a police, but a trade regulation; and it has no right to shelter itself behind the police power of the State or the municipality." Between those who stand in the same relation to the law, there can be no discrimination. The operation of a rule must extend to all the members of the class to which it fairly applies, without unnecessary exemption or restriction. In White on the Constitution of Pennsylvania, 252, the rule is well stated as follows: "Even though the subject of the legislation is such that separate laws for separate classes are demanded, if the class to which it applies is unnecessarily restricted or improperly selected, still the law is special, since a more enlarged class or other objects similar in character should also have had the benefit of its remedial force."·

We think it is clear that in the act of assembly under consideration there is an attempt to regulate the employ-

ment of labor, or the exercise of a trade or occupation, within the limits of cities of the first class, in a manner which would render unlawful, within those limits, that which is entirely legitimate in all other cities and communities in the State.    The act also discriminates to a certain extent, between persons engaged in the same trade or pursuit in the same city.    No substantial difference in conditions appears, which seems to be sufficient to constitute any real or genuine basis for classification in this respect.    It follows that the legislation must be regarded as both local and special, and as an attempt to regulate labor, or the pursuit of a trade, and, therefore, within the prohibition of the Constitution.

The assignments of error are sustained.    The decree of the court below is reversed, and it is directed that the bill of plaintiff be reinstated.    It is further ordered that the record be remitted to the court below for further proceedings in accordance with this opinion, and in order that plaintiff may have the equitable relief, for which he prays.    The costs of this appeal to be borne by the City of Philadelphia, appellee.