# Taylor, Appellant, *v.* Philadelphia.

*Municipalities—Contracts—Provision that material shall be prepared in municipality—Act of July 6, 1917, P. L. 752—Validity—Constitution of Pennsylvania, Article III, Section 7—Local and special legislation—Validating prior contracts—Ordinances — Validity—Acts of May 23, 1874, P. L. 230, and June 1, 1885, P. L. 37 —Lowest responsible bidder—Equity—Injunction.*

1. Classification with respect to governmental functions has been

uniformly held proper on the ground that legislation adapted to one municipality may be totally unsuited to another by reason of differences in population, etc.; with respect, however, to private undertakings not a part of governmental functions of the municipality, and in which the State has no concern, the same reason for classification does not exist, and the propriety thereof must stand the test applied to legislation for the government of private corporations.

2. The Act of July 6, 1917, P. L. 752, authorizing municipalities to provide by ordinance, municipal regulation or contract, that any portion or all of the work on public buildings shall be done within the territorial limits of the municipal division or subdivision for which said work is being performed, and validating all prior ordinances containing such provisions, is a special law and violative of Article III, Section 7, of the Constitution, forbidding local or special legislation regulating labor, trade, mining or manufacturing.

3. Ordinances are not laws within the meaning of the constitutional provisions prohibiting local or special legislation.

4. The ordinances of the City of Philadelphia of November 26, 1894, and December 28, 1895, requiring that any contract for the construction of public buildings shall specify therein that it shall be obligatory on the departments to have the work of cutting and preparing stone for such use done in the City of Philadelphia, and that proposals for the work into which said stone enters shall be worded so as to inform intending bidders, violate the Acts of May 23, 1874, P. L. 230, and June 1, 1885, P. L. 37, in so far as compliance therewith would result in the award of a contract for work and materials to other than the lowest responsible bidder.

5. Prior to the passage of the Act of July 6, 1917, P. L. 752, the City of Philadelphia advertised for bids for the construction of a new library building, the specifications containing a clause that bidders must fully acquaint themselves with all the legal and departmental regulations applying to contract work of the City of Philadelphia, and calling attention to a provision for allowance of credit to the city to be deducted from the amount of the contract price if legally permissible to have the stone cut at any place, so that the said cutting be not limited to the City of Philadelphia. Attached to the proposal were copies of the ordinances of November 26, 1894, and December 28, 1895. There were two bids, one for $2,570,000 subject to a deduction of $155,00 ) if the provision requiring stone to be cut in Philadelphia be eliminated; the other for $2,535,000 with a deduction of $110,000 if the provision as to the place of cutting stone should be eliminated. The latter bid was accepted as being the lowest responsible bid for work done in the City of Philadelphia. The former bid was the lower bid if the require-

ment as to the place of cutting stone be eliminated.  In a suit in equity brought.by taxpayers to restrain the execution of the con-tract, the lower court held that the ordinances were valid and dis-missed the bill.  *Held,* that the contract had been let in violation of the Acts of 1874 and 1885 requiring contracts for materials to be let to the lowest responsible bidder and the decree was reversed.

6. The legislature may confirm that which it might have pre-viously authorized.

Argued Jan. 8, 1918.  Appeal, No. 298, Jan. T., 1917, by plaintiff, from decree of C. P. No. 4, Philadelphia Co., June T., 1917, No. 3335, dismissing bill in equity for an injunction, in case of Walter R. Taylor, Appellant, v. City of Philadelphia, Thomas B. Smith, Mayor of the City of Philadelphia; George E. Datesman, Director De-partment of Public Works of the City of Philadelphia; Board of Trustees of the Free Library of Philadelphia, naming them; John Ashhurst, Librarian of the Free Library of Philadelphia; Horace Trumbauer, Archi-tect, and John P. Gill and Kernode F. Gill, trading as John Gill & Sons, Contractors, Appellees.  Before Brown, C. J., Mestrezat, Potter, Stewart, Mosch-zisker, Frazer and Walling, JJ.  Reversed.

Bill in equity for injunction.  Before Audenried, P. J.

The opinion of the Supreme Court states the facts.

The defendant demurred to the bill.  The court sus-tained the demurrer and dismissed the bill.  Plaintiff ap-pealed.

*Error assigned* was the decree of the court.

*W. B. Linn,* with him *F. C. Newbourg, Jr., H. B. Gill* and *J. deF. Junkin,* for appellant.—The ordinances re-lied upon were unconstitutional because in conflict with Article III, Section 7, prohibiting special legislation regulating labor, trade, mining or manufacturing: Flinn v. Philadelphia, 258 Pa. 355; Com. v. Casey, 231 Pa. 170; Chalmers v. Philadelphia, 250 Pa. 251; Com-

monwealth ex rel. v. Shumaker, 255 Pa. 67; Com. v. Casey, 43 Pa. Superior Ct. 494; Commonwealth v. Gumbert, 256 Pa. 531; Lochner v. New York, 198 U. S. 45; Leslie v. Kite, 192 Pa. 268; Norristown v. Norristown Passenger Ry. Co., 148 Pa. 87.

The ordinances of November 26, 1894, and December 28, 1895, were void because they permitted the award of the contracts to other than the lowest responsible bidder as required by the Act of May 23, 1874, P. L. 230, and June 1, 1885, P. L. 37.

*John P. Connelly*, with him *Joseph G. Magee* and *Ernest Lowengrund*, for appellees.—The ordinances of November 26, 1896, and December 28, 1895, were not void as special legislation, as ordinances are not within the meaning of constitutional provisions against special legislation: Baldwin v. Philadelphia, 99 Pa. 164; Klingler v. Bickel, 117 Pa. 326; McCormick v. Fayette Co., 150 Pa. 190; Davis v. Homestead Boro., 47 Pa. Superior Ct. 444.

The Act of July 6, 1917, P. L. 752, is not a special or local law regulating labor, trade or manufacturing: Mayo v. Dover & Foxcroft Village Fire Co., 96 Maine 539; Reading v. Savage, 124 Pa. 328; Meadville v. Dickson, 129 Pa. 1; Pulaski Co. Poor District v. Lawrence Co., 222 Pa. 358; Com. v. Moir, 199 Pa. 534.

OPINION BY MR. JUSTICE FRAZER, June 3, 1918:

Plaintiff, a resident and taxpayer of Philadelphia, filed his bill for an injunction against the City of Philadelphia, the trustees of the Free Library of Philadelphia and the firm of John Gill & Sons, contractors, and others, to restrain the execution of a contract for the construction of a public library. The court below sustained a demurrer to the bill and this appeal followed.

The city, in conjunction with the trustees of the Free Library of Philadelphia, advertised for bids for the construction of a new library building, the specifications

containing a clause that "bidders must fully acquaint themselves with all the legal and departmental regulations applying to contract work in the City of Philadelphia" and calling attention to a provision for allowance of credit to the city to be deducted from the amount of the contract price if "legally permissible to have the stone cut at any place, so that the said cutting be not limited to the City of Philadelphia." Attached to the proposal was a copy of an ordinance approved November 26, 1894, providing that "In all contracts......for the construction of public buildings......, it shall be specified that the work of cutting and preparing such stone for use shall be done in Philadelphia," together with an amendment approved December 28, 1895, extending the provisions of the earlier ordinance "to all stone entering into work done under contract with the City of Philadelphia, making it obligatory on departments to have all stone used in municipal work cut and prepared in Philadelphia, and proposals for work into which said stone enters shall be so worded as to inform intending bidders of the provisions of this ordinance." Each ordinance also contains a clause providing the cost of cutting stone "shall not be in excess of the price paid labor for like work under private contract in the City of Philadelphia." The two lowest bidders for the work were George A. Fuller & Co. and John Gill & Sons, the bid of the former being $2,570,000, subject to a deduction of $155,000 if the provision of the ordinance requiring the stone to be cut in the City of Philadelphia, were eliminated. The bid of the latter was $2,535,000, with a deduction of $110,000 if the provision as to the place of cutting stone should be excluded. The bid of John Gill & Sons for $2,535,000 was accepted as being the lowest responsible bid for work done within the City of Philadelphia. The bid of Fuller & Company is lower, however, if the requirement as to the place of cutting stone be eliminated and plaintiff now claims the contract was not awarded the lowest responsible bidder as required by

law, contending the ordinances above mentioned, together with the Act of July 6, 1917, P. L. 752, hereinafter referred to, requiring the stone to be cut within the City of Philadelphia, are invalid.

The Act of 1917 (Section 1) provides it shall be lawful for a municipality, or subdivision thereof, "in the construction of any building or the performance of any public work, to provide, by ordinance, municipal regulation or contract, that any portion or all of the work on said building, or the work on the said public improvement, shall be done within the territorial limits of the said city, county, township, borough or other municipal division or subdivision for which the said work is being performed." By section 2 of the act all ordinances, regulations or contracts theretofore made requiring any portion of public work to be done within the territorial limits of the municipality "are hereby validated." If the act is a proper exercise of legislative power a consideration of the validity of the ordinances of 1894 and 1895, above referred to, will be unnecessary since, whether valid or not before the Act of 1917, they, as well as any contracts executed pursuant to their authority, were validated by that act, the rule being that the legislature may confirm that which it might have previously authorized: Donley v. Pittsburgh, 147 Pa. 348.

Plaintiff contends the Act of July 6, 1917, P. L. 752, is local or special legislation within the meaning of Art. III, Sec. 7, of the Constitution regulating labor, trade, mining or manufacturing. A careful examination of the act, in view of the decision of this court in Commonwealth v. Casey, 231 Pa. 170, leads to the conclusion this contention is well founded and should be sustained. While the act is not local as to place, but applies to all municipalities, no adequate reason has been given for placing municipalities in a class with respect to the place of performing work or preparing materials incident to contracts for the erection of public buildings, so as to prevent the act being special in respect to its subject

within the meaning of the above provision of the Constitution. The subject-matter of the statute does not relate to the exercise of a governmental power or function of the municipality in which it acts as representative or agent of the State in carrying out the purpose of local government for which it was created, but deals with functions which concern only local business and matters with respect to which the State is not interested, and in the performance of which the municipality should be regarded merely as a private corporation with the corresponding powers and duties incident to such bodies. Classification with respect to governmental functions has been uniformly held proper on the ground that legislation adapted to one municipality may be totally unsuited to another by reason of differences in population, etc.; with respect however to private undertakings not a part of governmental functions of the municipality, and in which the State has no concern, the same reason for classification does not exist, and the propriety thereof must stand the test applied to legislation for the government of private corporations. This subject was fully discussed in Commonwealth v. Casey, supra, where the Act of July 26, 1897, P. L. 418, regulating the hours of workmen employed by the State, or by municipalities, was held a special law within Article III, Section 7 of the Constitution regulating labor, trade, mining and manufacturing, even though its provisions applied to all municipalities of the State. We there said (page 179) : "It is impossible to suggest a difference between municipal corporations and private corporations that would make a regulation as to the number of hours to be employed in a day suitable for one class, unsuitable for the other. There is no pretense that there is any such difference. So far as labor is concerned, no more is involved in the construction of public works than in private enterprises of like character." The present act restricts the place where "any portion or all of the work on said buildings" shall be done. While it does not expressly mention materials, one of the apparent

objects of the legislature was to remove the doubt as to the validity of ordinances such as those in this case, requiring stone to be cut in the city, and unless the act be construed as applying to the preparation of materials it is without effect, as the actual work of constructing a municipal building is impossible elsewhere than within the borders of the municipality. If the municipality may require stone cutting to be done within its boundaries, it may also extend this requirement to all materials and supplies and provide for their production or manufacture within its limits. An escape is impossible from the conclusion that such action would result in a regulation of labor, trade and manufacturing and must, consequently, be special legislation within the meaning of the Constitution.

The Act of 1917 being eliminated, it remains to consider the validity of the ordinances themselves. The reasoning upon which the Act of 1917 is held unconstitutional cannot apply because ordinances are not laws within the meaning of the constitutional provisions prohibiting local or special legislation: Baldwin v. Philadelphia, 99 Pa. 164; Davis v. Homestead Boro., 47 Pa. Superior Ct. 444; McCormick v. Fayette County, 150 Pa. 190. Consequently the only question is whether the ordinances violate the provisions of the Act of May 23, 1874, P. L. 230, and of June 1, 1885, P. L. 37, requiring all work and materials furnished to the city under contracts to be let to the lowest responsible bidder. This question was raised but not decided in Flinn v. Philadelphia, 258 Pa. 355.

The right of a municipality to require work on materials to be done within the city limits has not been directly passed upon by the appellate courts of this State, and we find the decisions of other states are not in harmony; their general trend however is to hold such requirement invalid where its tendency is to conflict with statutory provisions requiring contracts to be let to the lowest responsible bidder. A case in point, identical in prin-

ciple, though not on its facts, is Frame v. Felix, 167 Pa. 47, where this court held a provision in the specifications of a municipal contract requiring the contractor to employ no one not a citizen of the United States and to pay not less than a stipulated wage per day to be inconsistent with the Act of May 23, 1889, P. L. 277, providing that municipal work be let to the lowest responsible bidder. In Commonwealth v. Casey, supra, the Act of July 26, 1897, P. L. 418, fixing eight hours as a day's work for men employed by a municipality was held to be special legislation and consequently unconstitutional. In People ex rel. Rogers v. Coler, 166 N. Y. 1, and People ex rel. Treat v. Coler, 166 N. Y. 144, referred to by counsel in argument, a statute somewhat similar to the ordinance here in question, was held void because it invaded rights of liberty and property and also conflicted with the Commerce Clause of the Federal Constitution. No question was there raised as to the violation by a municipality of a State law requiring contracts to be let to the lowest responsible bidder. In Allen v. Labsap, 188 Mo. 692, an ordinance of the City of St. Louis, requiring the work of dressing stone used in municipal contracts to be done within the limits of the state, was held valid. While the city charter in that case contained a provision requiring the work of public improvements to be let to the lowest responsible bidder, the court found, as a matter of fact, the restriction did not increase the cost of the improvement. In its opinion the court said (page 702) : "If the ordinance tended to prevent competition and to increase the price, they [the appellants] have suffered injury and cause for complaint." In St. Louis Quarry & Construction Co. v. Von Versen, 81 Mo. App. 519, where a similar question arose under the same ordinance and it appeared compliance with its requirement had in fact increased the cost, the ordinance was held to conflict with the provisions of the city charter requiring work to be let to the lowest responsible bidder. In Gemmill's Case, 20 Idaho 732, a

statute requiring public printing and binding and stationery work to be done within the state and county where used was held valid and the same rule was followed in Tribune Printing & Binding Co. v. Barnes, 7 N. D. 591, where there was in existence a statute requiring contracts to be let to the lowest bidder, but it was said in the latter case (page 596) that such provision "must be construed with reference to the requirements embraced in section 1807, revised code [requiring all county printing to be done in the state and if practicable in the county ordering the same], and therefore competitive bidding must be restricted to those who can and will do the work within the state. The last mentioned section became a law later in point of time and, by its terms, necessarily modifies the earlier enactment." The last two cases were both regulations by statute and not by ordinance and the Dakota case was one of a subsequent statute modifying an earlier one. Neither was an instance of a municipal ordinance containing provisions conflicting with express enactments of an earlier statute.

An act of the legislature can, of course, be modified by the legislature itself. No case has been found which is direct authority to sustain the validity of municipal ordinances such as are here in question where the effect is to conflict with an express statutory provision requiring contracts to be let to the lowest responsible bidder. That the cost here has been increased because of the ordinances cannot be disputed in view of the difference in the bids of both contestants. From what has been said the judgment of the court below must be reversed.

The judgment is reversed and the record is remitted with directions that the bill be reinstated with a procedendo.