## Walck et ux. v. Clifton Heights Borough.

Frank A. Moorshead, for plaintiffs.

Howard M. Lutz, of Lutz, Ervin, Reeser & Fronefield, for defendant.

BROOMALL, J., October 17, 1930.—This nonsuit was entered on the ground that the acts of negligence complained of were within the governmental functions of the defendant borough, and, therefore, it was not liable for the improper or negligent exercise thereof by its building inspector in proceedings for the enforcement of its building ordinance.

The evidence submitted shows that plaintiffs are the owners of certain real estate in said borough; that under ordinance No. 201 the building inspector issued a permit to plaintiffs for the erection of a certain building thereon for a fee of $6, as provided for by the terms of the said ordinance; that after the commencement of the construction of the building the inspector caused the arrest of and imposition of a fine on one of plaintiffs for a violation of one of the provisions of the ordinance; that on an appeal to the quarter sessions court of this county the proceedings were set aside on March 4, 1926;

that thereupon plaintiffs, who had ceased the work on the building, proceeded again with the construction thereof, when the inspector for the second time, on March 6, 1926, caused the arrest of one of plaintiffs on the same charge, with the same result on appeal to the same court, by decision handed down July 16, 1926; that plaintiffs lost the use of their property pending the determination of the two proceedings aforesaid and that plaintiffs suffered certain damages, to recover which they entered this suit.

For a discussion of the questions involved in the summary proceedings, see Com. *v.* Walck, 9 D. & C. 373.

The General Borough Act of May 14, 1915, P. L. 312, then in force, under general powers, chapter 5, article 1, clause 21, gave to boroughs the power "to make regulations for the construction of new buildings and repairs of old ones" and "the appointment of one or more building inspectors." The same provisions were reenacted in the General Borough Act of May 4, 1927, P. L. 519. Historically, it may be said that this kind of legislation had its inception in enactments relating to party walls about 1721. In Jockman *v.* Rosenbaum, 263 Pa. 158, 170, they are designated as one of the police powers of a municipality. The party wall idea was gradually extended to other similar regulations relating to buildings generally, until the decision in Kneedler *v.* Norristown, 100 Pa. 368, where it was held that a borough did not have authority to forbid by ordinance the erection of frame buildings within its limits. This decision brought about the Act of June 3, 1885, P. L. 55, and the subsequent Act of May 8, 1907, P. L. 184, granting to boroughs such power *inter alia:* Lower Merion *v.* Harrison, 84 Pa. Superior Ct. 574, 578. These last-mentioned acts were followed by the General Borough Act of 1915, *supra,* and the Act of June 29, 1923, P. L. 957, authorizing the enactment of zoning ordinances. Such regulations are all treated as police powers of the municipality.

A correct idea of governmental functions cannot be had without observing that a municipality may be either a public or private corporation—in other words, it possesses a dual capacity—one public and the other private. It is important that this distinction be noted in order to determine just what acts fall within the public or governmental functions as distinguished from private or proprietary functions: Com. *v.* Casey, 231 Pa. 170, 175.

In governmental functions or use a municipality undertakes to do locally for the state certain governmental matters of a public nature and legislative in character, namely, exercises political powers in a limited and local degree for public good. In its private or proprietary character it exercises nongovernmental functions, namely, enters into contractual relations by engaging employees and buying materials to make improvements and carry on projects or business as the owner in a private capacity rather than in a public capacity. Under acts within governmental functions it is not liable for torts committed by its officers or employees, while it is liable in its private or proprietory character.

It may be difficult to trace the distinction between the two functions in some of the cases. In fact, as to the streets and sidewalks, where liability attaches, it may be said to be founded more "on long established precedent than on fixed rules or pure logic" or on a historic interpretation of the law: Scibilia *v.* Philadelphia, 279 Pa. 549, 555. A municipality is not liable for negligent acts of firemen, policemen or health officers while performing duties or powers which are primarily for public welfare and not for any private gain: Betham *v.* Philadelphia, 196 Pa. 302; Howard *v.* Philadelphia, 250 Pa. 184.

The acts of the building inspector in the instant case in enforcing the terms of the ordinance, being mere ministerial duties (Herskovits v. Irwin, 299 Pa. 155), were within the governmental functions of defendant borough and for them it is not liable in this action. This is true even where a charge is made (in the instant case the fee for the permit) : Scibilia v. Philadelphia, 279 Pa. 549, 557; or where the ordinance is void as alleged here, as the court will so declare and restrain its enforcement. In such case the officer acting under a void ordinance is the only person liable. The injured party has no right of action against the municipality, as the officers are not its agents under such circumstances: 19 R. C. L. 1101, § 384.

Plaintiff contends that one of the questions involved in this motion to take off the nonsuit is, "Can boroughs deprive taxpayers of the free use and enjoyment of his property in an irregular manner not according to law?" It is not clear just what is intended to be raised by this assignment. However, it is stated by counsel and so argued that to sustain the entry of the nonsuit would be a violation of the provisions of the Fifth and Fourteenth Amendments to the United States Constitution and section 1, article I, and section 8, article XVI, of the Constitution of this state. The difficulty here seems to be in distinguishing between actual taking of property for public use, where the municipality is liable under its power of eminent domain, and the proper regulation of the construction of buildings and use of property. The latter comes under the police power when properly exercised. In the instant case the building ordinance was the lawful exercise of a proper police power of defendant borough and invaded no constitutional rights of plaintiffs: White's Appeal, 287 Pa. 259; Ward's Appeal, 289 Pa. 458; Euclid v. Ambler, 272 U. S. 365, 386.

Motion of plaintiffs to take off the nonsuit is, therefore, refused.