## Commonwealth v. Hause

*Louis A. Bloom*, assistant district attorney, for Commonwealth.

*W. C. Alexander*, for defendant.

MacDade, J., June 21, 1935.—This is an appeal from a summary conviction before Justice of the Peace John S. McCleary, of Upper Darby Township, in which matter one Charles Gooch lodged an information before the said justice on April 22, 1935, averring upon oath that the defendant, Charles J. Hause, his employer, had failed to comply, respecting the payment of wages to him as a

cook, with the provisions of the Act of April 24, 1913, P. L. 114, which provides in substance, that, unless otherwise stipulated in the contract of hiring, each person, firm or corporation employing any person, other than at an annual salary, shall pay to such person his or her earnings or wages semimonthly, the first payment to be made between the first and fifteenth day of each month, and the second to be made between the fifteenth and the last day of each month. Whereupon a warrant issued for the arrest of the defendant.

This act, it will be observed, applies only in cases where there is no stipulation to the contrary in the contract of hiring as to the periods of payment set up in the act.

There was a contract of hire of the prosecutor as a cook and he has been in the employ of the defendant as such for a long period at a stipulated wage which the defendant, owing to financial reverses and poor business as a liquor licensee at the Lamb Tavern, being compelled to go into bankruptcy, was unable to pay recently, in full, as the same became due on the first and fifteenth of each month: See Commonwealth v. Casey, 231 Pa. 170.

Wages are to be paid, therefore, semimonthly, under the Act of April 24, 1913, supra, unless otherwise stipulated in the contract of hiring. Any question of the violation of the act can be avoided by so stipulating.

This act is constitutional because it is an effort by general law to regulate the hours of labor throughout the State. It does not contravene article III, sec. 7, of the Constitution, providing that the General Assembly shall not pass any local or special law regulating labor, trade, mining or manufacturing: Martin's Complaint, 41 Pa. C. C. 647.

The justice of the peace, after a hearing, found the defendant guilty and fined him $75 and costs. From this conviction the defendant appealed.

Upon a hearing de novo we learned that the prosecutor had borrowed money from the defendant, as far back as April 22, 1930, to the extent of $250, upon which

loan there is a credit of only $90, leaving a balance due defendant of $160. This sum more than offsets any claim for wages due and unpaid to the prosecutor. Again the defendant has paid certain sums on account as wages to the prosecutor when financially able to do so.

We do not see, therefore, that there has been any violation of the Act of 1913, supra. The defendant is entitled to his discharge.

And now, June 21, 1935, after due hearing, the defendant, Charles Hause, is found not guilty and is entitled to be and is hereby discharged.