## Commonwealth v. Gavern

*Joseph F. Tedesco* and *William Pace*, for appellant.
*William A. Valentine*, contra.

COUGHLIN, J., January 2, 1937.—This is an appeal from a summary conviction. There were several like cases before us. The gist of the offenses was failure to file mining maps showing mining extensions. Motions were made to dismiss the proceedings as to the others because the Commonwealth failed to show that defendants were mining in the territory in question. The Commonwealth joined in these motions to dismiss.

Defendant failed to file mining maps as provided by the statute hereinafter quoted, but did so at a later date, though in default within the time alleged. Technically, therefore, defendant was guilty. The fine imposed was $1,000. Defendant moved to dismiss the proceedings. The finding of the court as to the summary proceedings would naturally follow the disposition of the motion to dismiss. Both are now before us.

Section 1159 of The General Borough Act of May 4, 1927, P. L. 519, provides:

"Every mine owner, operator, or superintendent, shall place or cause to be placed upon the map of the bureau, at least once in every three months, all the extensions made in any mine within the limits of such borough during the three preceding months, except those made within thirty days immediately preceding the time of placing such extensions upon the said map."

Section 1161 of the act provides:

"Any person being the general manager, superintendent or person in charge of the work of any corporation, copartnership, or association, violating any of the provisions of this article, shall be guilty of a misdemeanor, and, upon conviction before a justice of the peace of the borough, shall be sentenced, for such offense, to pay a fine not exceeding one thousand dollars or to undergo imprisonment in the county jail for a period not exceeding ninety days, or both. All fines imposed under

this section shall be paid into the treasury of the borough."

This is a summary conviction and may properly come here on appeal. Our jurisdiction depends upon the procedure having been followed as provided by the statute, and the use of the word "misdemeanor" makes it no less a summary conviction, if it is in fact such: Commonwealth of Pennsylvania v. John Petritis, alias John Peters, Q. S. Luzerne County, November sessions, 1936, no. 122, and authorities herein cited.

The motion to dismiss is based primarily upon the constitutionality of the act. The act has for its purpose a remedial one, worthy in every respect. Its purpose is to follow the record of mining within the borough. Complaint against it lies in the fact that it is claimed to be local and special legislation, regulating the business of mining only anthracite coal, and does not apply to bituminous coal, nor any other minerals whatever. It is limited to boroughs in the anthracite region. The defense claims that the act offends article III, sec. 7, of the Constitution of the State of Pennsylvania, which provides:

"The General Assembly shall not pass any local or special law . . . Regulating labor, trade, mining or manufacturing".

Defendant cites, inter alia, Frost v. Cherry, 122 Pa. 417; McCarthy v. Commonwealth ex rel., 110 Pa. 243; Appeal of the City of Scranton School Dist., 113 Pa. 176; The City of Scranton v. Silkman, 113 Pa. 191; Commonwealth, ex rel., v. Gumbert et al. 256 Pa. 531; Sieber v. County of Juniata, 79 Pa. Superior ct. 247; Chalmers v. City of Philadelphia, 250 Pa. 251; and the dissenting opinion in the case of Mahon et al. v. Pennsylvania Coal Co., 274 Pa. 489, 515, wherein Justice Kephart said:

"Moreover, this is class legislation,—a subsidence is a subsidence, whatever the underlying strata may happen

to be: whether it is bituminous coal, anthracite coal, fire clay or any other mineral; this act affects only anthracite coal."

The case involved the Act of May 27, 1921, P. L. 1198.

In reference to this act itself, in Commonwealth v. Towers, 34 Lack. Jur., 64, the Lackawanna court took the position that the act was doubtful as to its constitutionality. The legislature may regulate as to boroughs as a general classification, and if it refers to all boroughs it is not discriminatory as between such municipalities. It provides that such reports shall be made in all boroughs that have anthracite underlying. It is no discrimination, therefore, as to the boroughs, since it applies only to those boroughs that require mining reports.

It may be said to be discriminatory in that it does not apply to mining operations located in cities and townships, and, therefore, for that reason, a mere boundary line may determine different responsibility as to the manner of conducting a mining operation. Reports are required only in boroughs under this act. There is no requirement generally, however desirable, this statute applying only to boroughs. We think the logic of Judge Newcomb is correct when he says in Commonwealth v. Towers, supra:

"In a word, it may be said that the trouble with the proceeding is that it is doubtful both on the law and the facts.

"That the statute is open to question as both local and special legislation is self evident. Its subject matter is anthracite coal only. It applies neither to bituminous coal nor any other mineral whatever. Its scope is restricted to boroughs, without touching either townships or cities, a fact which strikes one rather forcibly since we travel up and down through the coal regions of this and Luzerne county daily without being able to tell when we pass from one municipal division to another."

We have been referred to little authority directly in point upon the statute. In view of the fact that the violation was cured by the filing of reports, and the upholding of the conviction would be imposing a fine for an offense at once cured, and that the municipal authorities now have the information upon which subsequent action may be predicated, should it be deemed advisable, and in view of the doubt as to the constitutionality of the provision hereinabove expressed, we dismiss the proceeding but place the costs on defendant, without prejudice upon the part of the municipal authorities to proceed on the information subsequently placed on file by defendant with the bureau of said municipality.

It is so ordered.