## Guzey v. Lally et al.

*J. J. Powell* and *Michael J. Eagen,* for plaintiff.
*Nicholas Dano,* for defendants.

LEACH, P. J., April 11, 1938.—On November 8, 1937, immediately succeeding the fall elections the Borough Council of Mayfield passed an ordinance which was approved on November 9th by the borough burgess, fixing and designating the salary of the burgess of said borough. The annual salary was fixed at $50, payable semi-annually. It had been $400.

Plaintiff filed an appeal from the borough ordinance but neglected to file his bond, and counsel for the defense moved to quash on that ground. This bond may be filed nunc pro tunc in cases of appeal from borough ordinances. A corrected bond in these appeals can be filed nunc pro tunc and even for the first time: North Braddock Borough's Annexation Case, 126 Pa. Superior Ct. 53, 59; In re Scottdale Borough Annexation, 91 Pa. Superior Ct. 1.

Plaintiff challenges the constitutionality of the borough code on the ground that it offends article III, sec. 13, of the Pennsylvania Constitution, which provides:

"No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment."

In principle it might seem that this point was well taken, but it has been definitely decided that a borough ordinance fixing a salary of a burgess is not a law within the meaning of that article: Davis v. Homestead Borough, 47 Pa. Superior Ct. 444. This case is cited with approval in Taylor v. Philadelphia, 261 Pa. 458.

The remaining objection to the ordinance is that it violates The General Borough Act of May 4, 1927, P. L. 519, sec. 1023, which provides as follows:

"The salary of the burgess may be fixed by ordinance, to be paid from the borough treasury in monthly instalments on warrants authorized by the council. When so fixed, such salary shall not be changed during the term of the incumbent."

The ordinance changed the salary during the term of James Lally and would be invalid as to him. It also provides for a different time and method of payment than the law permits and is therefore invalid against the provisions of The General Borough Act, supra, directing the method in which payment of salary shall be made.

Now, April 11, 1938, the appeal of John Guzey is sustained and the ordinance of the Borough of Mayfield enacted November 8, 1937, fixing the salary of the burgess at $50, payable semi-annually, is declared null and void.