THE PULLMAN COMPANY *v.* KNOTT, AS COMP-
TROLLER OF THE STATE OF FLORIDA.

ERROR TO THE SUPREME COURT OF THE STATE OF FLORIDA.

No. 262.  Motion to dismiss submitted March 19, 1917.—Decided
April 9, 1917.

A suit to restrain a state official and his successors in office from esti-
mating, levying and assessing a tax under a state law claimed to be
unconstitutional is a suit against him as an individual and, in the
absence of a statute otherwise-providing, abates when his term of
office expires and cannot be revived against his successor. *New
Orleans* v. *Citizens' Bank*, 167 U. S. 371, 388, distinguished.

Writ of error to review 70 Florida, 9, dismissed.

The case is stated in the opinion.

*Mr. Thomas F. West*, Attorney General of the State of
Florida, for defendant in error, in support of the motion.

*Mr. Frank B. Kellogg, Mr. Cordenio A. Severance, Mr.
Robert E. Olds, Mr. Gustavus S. Fernald* and *Mr. John E.
Hartridge* for plaintiff in error, in opposition to the motion.

MR. JUSTICE DAY delivered the opinion of the court.

.Suit was brought in the Circuit Court of Leon County,
Florida, by the Pullman Company against Knott, Comp-
troller of the State of Florida, to enjoin him and his suc-
cessors in office from estimating, levying and assessing a
tax on the gross receipts of the Pullman Company, on the
ground that the state law authorizing the tax was void
under the Constitution of the United States. The Circuit
Court held that the law was constitutional and dismissed
the bill; that decree was affirmed by the Supreme Court of
the State. 70 Florida, 9. The case was then brought here
upon writ of error.

It is now before us upon a motion of the defendant in
error, by the Attorney General of the State, to dismiss the
proceeding in this court upon the ground that there is no
proper person defendant to stand in judgment in the ac-
tion. It is averred, and is not disputed, that Knott, the
defendant in error, is no longer Comptroller of the State of
Florida, his term of office having expired on January 2,
1917, and that thereupon he retired from the office of
Comptroller and has been succeeded by another, who is
the duly commissioned and acting Comptroller of the
State.

The original suit was against Knott, the bill stating that
he was the duly elected, qualified, and acting Comptroller
of the State of Florida. The bill sets forth the duties re-
quired of him in that connection in levying the tax against
the enforcement of which the injunction was sought by the
Pullman Company.

While it is true that the duty required concerns the
State, the suit is against Knott as an individual, and he

alone can be punished for the failure to obey an injunction, should one issue as prayed for in the bill. Whether the court below was right in refusing the injunction and dismissing the bill against Knott, is the question presented. In such cases, a long line of decisions in this court has settled that the action abates upon the expiration of the defendant's term of office, and cannot be revived against his successor in office, in the absence of a statute so providing.

We had occasion to review and consider these cases in the case of *Pullman Company* v. *Croom, Comptroller of the State of Florida,* 231 U. S. 571, in which this court held, vacating the former order of substitution granted without discussion, that the action for an injunction against the enforcement of the tax abated upon the death of Croom, Comptroller, and there being no statute covering such cases no order of substitution could be made, and thereupon dismissed the appeal for want of a proper party to stand in judgment.

The case upon which the subsequent decisions are rested is *United States* v. *Boutwell,* 17 Wall. 604. In that case the rule and the reasons for it were stated by the court. That was a suit for mandamus against the Secretary of the Treasury, and involved the right to substitute the successor of the Secretary, his term of office having expired since the suit was commenced. The court held that the right to a writ of mandamus ceased to exist upon the defendant retiring from the office of Secretary, and that in the absence of a statute the writ must necessarily abate. The court further held that the duty sought to be enforced was a personal one, and existed only so long as the office was held; that the court could not compel the defendant to perform such duty after his power so to do had ceased; that if the successor in office could be substituted he might be mulcted in costs for the fault of his predecessor, without any delinquency of his own; and that were a demand

made upon him he might discharge the duty rendering the interposition of a court unnecessary, and, in any event, the successor was not in privity with his predecessor, nor was he his personal representative. (17 Wall. 604, 607, 608.)

In *Warner Valley Stock Co.* v. *Smith*, 165 U. S. 28, the previous cases were reviewed by Mr. Justice Gray, speaking for the court, and the principle was applied to a suit for an injunction.

In *United States ex rel. Bernardin* v. *Butterworth*, 169 U. S. 600, it was held that the substitution could not be made, even with the consent of the successor in office. In that case it was stated that it seemed desirable that Congress should provide for the difficulty by enacting a statute that would permit the successors of heads of departments who had died or resigned to be brought into the case by a proper method. Congress thereupon passed the Act of February 8, 1899, 30 Stat. 822, under the terms of which successors of officers of the United States may be substituted in suits brought against them in their official capacity. This statute has no application to other than federal officers.

In *Richardson* v. *McChesney*, 218 U. S. 487, an action was brought against McChesney, as Secretary of the Commonwealth of Kentucky. This court took judicial notice that his term of office had expired pending the suit, and that a successor had been inducted into office and held that the former rule applied, and that the only exception to it was where the obligation sought to be enforced devolved upon a corporation or a continuing body. *Marshall* v. *Dye*, 231 U. S. 250. This seems to be the rule in the Florida courts. *County Commissioners* v. *Bryson*, 13 Florida, 281. In the *McChesney Case* this court held that as the official authority of the secretary had terminated, the case, so far as it sought to accomplish its object, was at an end, and there being no statute providing for the substitution of the successor, the writ of error was dis-

missed; citing *United States* v. *Boutwell*, 17 Wall. *supra;*
*United States ex rel. Bernardin* v. *Butterworth*, 169 U. S.,
*supra; Caledonian Coal Co.* v. *Baker*, 196 U. S. 432, 441.

It is argued for the plaintiff in error that this court has
held that former judgments adjudicating rights against
the State are binding in subsequent actions; that the mere
fact that there has been a change of person holding the
office does not destroy the effect of the thing adjudged.
*New Orleans* v. *Citizens' Bank*, 167 U. S. 371, 388, 389.
But that argument does not touch the question here. It
was held in the *Citizens' Bank Case* that a holding that a
contract for exemption from taxation existed, bound
subsequent officers of the State. The difficulty here is
that this proceeding in error, since the expiration of
Knott's term of office, leaves no party defendant in error
to stand in judgment.

It is said that this ruling involves great hardship and
that official terms will expire so that cases of this sort
cannot be reviewed at all in this court. In this case the
judgment of the state court was rendered on June 26,
1915; the order allowing the writ of error to this court was
filed September 24, 1915; and the record was filed in this
court on October 8, 1915. It does not appear that any at-
tempt was made to advance the case in view of the expira-
tion of Knott's term of office as Comptroller in January,
1917. As the law now stands, we have no alternative
except to dismiss the writ of error for want of a proper
defendant to stand in judgment.

*And it is so ordered.*