## NORTHWESTERN LUMBER & SHINGLE CO. et al. v. UNITED STATES.

No. 3656.

United States Court of Appeals
Tenth Circuit.

Nov. 2, 1948.

Park Street, of San Antonio, Tex. (Al M. Heck, of San Antonio, Tex., on the brief), for appellants.

William A. Berry, Asst. U. S. Atty., of Stillwater, Okl. (Robert E. Shelton, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

Chester Bowles, as the Administrator of the Office of Price Administration, brought this action against the Northwestern Lumber and Shingle Company, Olsen and Main to recover treble damages for sales of lumber and shingles made at prices alleged to have been in excess of those fixed by applicable price regulations, including § 9 of Revised Maximum Price Regulation No. 164.

Paul A. Porter succeeded Bowles as Administrator and by order entered August 5, 1946, Porter, as such Administrator, was substituted as party plaintiff.

On October 7, 1946, counsel for the parties entered into a written stipulation by which it was agreed that the court might forthwith enter a judgment in favor of plaintiff and against the defendants for $88,407.21, but that execution thereof should be stayed until final determination of the case of Reser v. Fleming, which involved the validity of Revised Maximum Price Regulation No. 164, and should the final determination in that case adjudge such Regulation to be invalid, the judgment in the instant case, with the approval of the court, should be modified accordingly. The stipulation was filed October 11, 1946. On October 14, 1946, judgment was entered in accordance with the stipulation. On February 20, 1947, the United States Emergency Court of Appeals handed down its decision in Reser v. Fleming, holding invalid § 9(c) of Revised Maximum Price Regulation No. 164.[1] Certiorari was denied May 19, 1947.

On October 10, 1947, the defendants filed a motion in the instant case in which they set up that $60,671.70 of the judgment in the instant case was based upon that part of the Revised Maximum Price Regulation No. 164 held invalid in Reser v. Fleming, and that they were entitled to have the judgment in the instant case modified accordingly, and prayed for modification of the judgment. On October 28, 1947, the defendants filed a motion for leave to withdraw the motion last above-mentioned for the reason that the instant action had abated and had not been revived in accordance with Par. (d) of Rule 25 of the Federal Rules of Civil Procedure, 28 U.S.C.A. On October 29, 1947, the court entered an order denying the motion to withdraw the previous motion and gave leave to substitute the United States as party plaintiff. On October 30, 1947, a final order was entered substituting the United States as party plaintiff and a new judgment was entered in favor of the United States and against the defendants for $88,407.21. From that judgment, defendants have appealed.

■ After the trial court had held that the United States might be substituted as party plaintiff, the court stated: "Now, as to the motion to modify." Counsel for defendants answered "I have nothing to say. * * * There is no Motion before Your Honor that I know of." The court then stated in substance that defendants had abandoned their motion to modify on the theory that the Reser decision did not affect the instant case. Counsel for defendants acquiesced. Accordingly, we conclude that defendants may not here urge that the court erred in failing to reduce the amount of the judgment by reason of the decision in the Reser case.

■ At common law, an action against a public officer individually, as for example, to restrain an illegal act on the part of the public officer in attempting in the name of the state to enforce an unconstitutional legislative enactment, abates upon the death or retirement from office of such public officer.[2] Likewise, at common law, an action against a public officer to compel personal performance of an official duty resting on him will abate upon his death or retirement from office.[3]

---

[1] See Reser v. Fleming, Em.App., 160 F.2d 378.

[2] Ex parte La Parde, 289 U.S. 444, 456, 53 S.Ct. 682, 77 L.Ed. 1311.

[3] United States ex rel. Bernardin v. Butterworth, 169 U.S. 600, 603, 604, 18 S.Ct. 441, 42 L.Ed. 873; Murphy v. Utter, 186 U.S. 95, 100, 101, 22 S.Ct. 776, 46 L.Ed. 1070; Warner Valley Stock Co. v. Smith, 165 U.S. 28, 31, 32, 17 S.Ct. 225, 41 L.Ed. 621; Pullman Co. v. Knott, 243 U.S. 447, 449, 451, 37 S.Ct. 428, 61 L.Ed. 841; Richardson v. McChesney, 218 U.S. 487, 492, 31 S.Ct. 43, 54 L.Ed. 1121.

■ But the rule does not apply to a case where there is a continuing duty, irrespective of the incumbent, and the proceeding is undertaken to enforce an obligation of the state or municipal body to which the office is attached.[4]

In Thompson v. United States, 103 U.S. 480, 484, 26 L.Ed. 521, the court said:

"The cases in which it has been held by this court that an abatement takes place by the expiration of the term of office have been those of officers of the government, whose alleged delinquency was personal, and did not involve any charge against the government whose officers they were."

As a result of the suggestion of the court in United States ex rel. Bernardin v. Butterworth, 169 U.S. 600, 605, 18 S.Ct. 441, 42 L.Ed. 873, the Act of February 8, 1899, 30 Stat. 822, amended February 13, 1925, 43 Stat. 941, 28 U.S.C.A. § 780, which was the progenitor of Rule 25(d), was enacted.

■ The instant action was instituted by the Administrator under 50 U.S.C.A. Appendix, § 925, which authorized the Administrator to institute such an action "on behalf of the United States". The action was in no sense personal to the Administrator. It was in behalf of the United States, the real party in interest. The obligation of the defendants to respond in treble damages was a continuing one and was in no sense dependent upon the continuance in office of the Administrator who commenced the action. We conclude, therefore, that the action did not abate, either upon the termination of the incumbency of Bowles, as Administrator, or his successor, Porter, as Administrator, and that the order substituting the United States as party plaintiff was not an order reviving the action, but merely amounted to the substitution of the United States, the real party in interest, as the party plaintiff. This view is supported by Fleming v. Goodwin, 8 Cir., 165 F.2d 334.[5]

In so far as State of Oklahoma v. Magnolia Petroleum Co., 10 Cir., 114 F.2d 111, and State of Oklahoma v. American Book Co., 10 Cir., 144 F.2d 585, are contrary to the views herein expressed, they are overruled.

Affirmed.

---

[4] Thompson v. United States, 103 U.S. 480, 483, 484, 26 L.Ed. 521; Murphy v. Utter, 186 U.S. 95, 101–103, 22 S.Ct. 776, 46 L.Ed. 1070.

[5] See, also, United States v. Hirahara, 9 Cir., 164 F.2d 157; Porter v. Maule, 5 Cir., 160 F.2d 1.