Commonwealth v. Taber

*Robert G. Dean*, District Attorney for Commonwealth.

*M. D. O'Malley*, for defendant.

BODIE, P. J., Specially Presiding, May 29, 1958.— The matter before the court is an appeal and certiorari from the conviction before a justice of the peace for a violation of the so-called Pennsylvania Blue Laws.

The Penal Code of June 24, 1939, P. L. 872, sec. 699.4, provides in part, as follows:

"Whoever does or performs any worldly employment or business whatsoever on the Lord's day, commonly called Sunday (works of necessity and charity only excepted), or uses or practices any game, hunting, shooting, sport or diversion whatsoever on the same day not authorized by law, shall, upon conviction thereof in a summary proceeding, be sentenced to pay a fine of four dollars ($4) for the use of the Commonwealth, or, in default of the payment thereof, shall suffer six (6) days' imprisonment."

The Act of April 22, 1794, 3 Sm. L. 177, sec. 1, which has been for years referred to as the Sunday Blue Laws, contained substantially the same provisions as the Act of 1939. The Act of 1794 was repealed insofar as it prohibited baseball and football games on Sunday by the Act of April 25, 1933, P. L. 74, and as to the playing of polo in the Act of June 22, 1935, P. L. 446, and as to the showing of motion pictures by the Act of July 2, 1935, P. L. 599. However, in enacting the revised Criminal Code of 1939 the legislature saw fit to reënact the Sunday Act in substantially the same form as the 1794 Act, but recognizing the fact that baseball, football and movies had been legalized if voted for on a referendum in the local communities. The legislature evidently did not presume to have complete authority to repeal the Fourth Commandment, in its entirety. It will be noted that the Act of 1794

prohibits "any unlawful game, hunting, shooting, sport or diversion whatsoever", which is the same language as that in the Act of 1939, so it is clear that the legislature did not change this part of the act.

In the present case there is no dispute in the evidence. Defendant did not take the stand and testify or deny any of the facts presented by the Commonwealth.

This case was brought before the court on a writ of certiorari and on appeal allowed by the court. Obviously, defendant is not entitled to both: Wilcox v. Knoxville Borough, 2 Dist. R. 721, 12 Pa. C. C. 641. We will therefore dismiss the writ of certiorari and proceed on the appeal as we believe that this will give defendant a fuller hearing and adjudication of his case.

Sometime prior to November 17, 1957, there appeared notices of a "turkey shoot" on the Frigner farm in Jackson Township, Susquehanna County, sponsored by the Lakeview Rod and Gun Club, Kenneth Hoal, Chairman. On that date Frederick Hoal, a brother of Kenneth Hoal, went to the farm about 1 p. m., and talked with Kenneth Hoal and Earl Taber and asked them to stop the turkey shoot as it was against the law. Defendant Taber said "he didn't believe in the law". Frederick Hoal returned later, about 2:30 p. m., and observed Earl Taber and Kenneth Hoal shooting at targets and estimated that between 50 and 60 people were on the farm.

Frederick Hoal appeared before Justice of the Peace Robert F. Hurley and filed information against defendant, alleging violation of the so-called Sunday Laws. After hearing, defendant was found guilty and assessed fine and costs of $15.50. The fine was not $15, as alleged in defendant's petition for appeal, but the costs and fine amounted to $15.50. The justice did not separate the amounts in his transcript.

The question before the court is: "Is a turkey shoot prohibited under the Act of Assembly of June 24, 1939, P. L. 872, sec. 699.4?"

The act prohibits shooting, games or sports. A turkey shoot might come under any one of these three. In the instant case a turkey shoot was publicly advertised; some 50 or 60 persons gathered together for the affair. The usual turkey shoot is a contest where the participants shoot at targets and the winners are rewarded with a turkey for a prize. While the framers of the 1794 Act may not have had in mind exactly a turkey shoot as conducted at the present time, they certainly had in mind a gathering together of a number of persons who engaged in a shooting for pleasure or for prizes. In those days they did not contemplate as a violation of the law the shooting of a wild animal who might endanger their lives nor perhaps the shooting of a hostile Indian. They did prohibit hunting as a sport. Under all of the facts in this case we are of the opinion that a turkey shoot as participated in by defendant was a shooting as contemplated by the act and as such is prohibited by the act of assembly.

It is urged upon the court that the act is unconstitutional in that the title of the act is "Worldly employment or business on Sunday", and therefore does not apply to shooting or sports because the title does not set forth the subject as required by article III, sec. 3, of the Constitution of Pennsylvania. The title of the Act of June 24, 1939, P. L. 872, is "To consolidate, amend and revise the penal laws of the Commonwealth". The words "Worldly employment or business on Sunday" is the heading of section 699.4 in the revised Penal Code.

"The constitutional prescription of the form of titles does not require that a code containing statutes previously enacted relating to some broad subject shall in its title refer to every item contained in consolidating

legislation, and to all subjects collaterally affected": Commonwealth v. Evans, 156 Pa. Superior Ct. 321.

The title to the act, "To consolidate, amend and revise the penal laws of the commonwealth", is sufficient notice to comply with the requirements of the Constitution.

" 'The Constitution presupposes a reasonably inquiring state of mind, and such state of mind would follow the trail indicated by the main part of the titles into the body of the acts' ": Commonwealth v. Dougherty, 156 Pa. Superior Ct. 520.

*Verdict*

Now, to wit, May 29, 1958, we find defendant, Earl Taber, guilty as charged.