## Bargain City U.S.A., Inc., Appellant, v. Dilworth.

Argued November 30, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN and EAGEN, JJ.

reargument refused April 5, 1962.

*Myron Harris,* for appellant.

*David Berger,* City Solicitor, with him *Matthew W. Bullock, Jr.,* Assistant City Solicitor, and *James L. Stern,* Deputy City Solicitor, for appellees.

*Harold E. Kohn,* with him *William T. Coleman, Jr., Louis E. Levinthal,* and *Morris Efron,* for amicus curiae.

*Arthur Littleton,* with him *Russell C. Dilks, Benjamin M. Quigg, Jr., W. James MacIntosh,* and *Morgan, Lewis & Bockius,* for amicus curiae.

*Alan Miles Ruben,* Deputy Attorney General, with him *David Stahl,* Attorney General, for Commonwealth, amicus curiae.

OPINION BY MR. JUSTICE COHEN, March 21, 1962:

In this appeal, Bargain City U.S.A., Inc., appellant, attacks the validity of the Act of August 10, 1959, P. L. 660, §1, 18 PS §4699.10, which prohibits the Sunday retail sale of certain specified commodities. Although appellant initially attacked the statute upon a variety of grounds under the federal constitution, these issues have been foreclosed by the decision of the United States Supreme Court in *Two Guys from Harrison v. McGinley,* 366 U. S. 582, 6 L. Ed. 2d 551, 81 S. Ct. 1135 (1961). Appellant now asserts only two bases for the alleged invalidity: (1) that the act violates Article III, §7, of the Pennsylvania Constitution in that it is a local or special law regulating labor or trade and (2) that the act violates the fourteenth amendment to the United States Constitution because its enforcement has been conducted in a discriminatory manner by the Philadelphia officials charged with the duty of enforcement.

The close correspondence in meaning and purpose between Article III, §7, of our state constitution and the "equal protection" clause of the fourteenth amendment to the federal constitution was recently accentuated by this Court in its opinion in *Rubin v. Bailey,* 398 Pa. 271, 157 A. 2d 882 (1960), where we unani-

mously refused to overturn the lower court's dissolution of a preliminary injunction restraining the police authorities from enforcing the Act of 1959. In finding no clear constitutional violation, this Court, in an opinion by former Chief Justice CHARLES ALVIN JONES, stated: "Likewise, since it has also been held that the Act of 1959 does not violate the 'equal protection' clause of the Federal Constitution, it would be equally unreasonable for us to conclude that the Act plainly violates Article III, Section 7, or Article XVI, Section 3, of the Pennsylvania Constitution."

While the decision in that case did not go to the merits of the issue, the above language illustrates the approach required in considering Article III, §7. In this respect, therefore, we begin by recognizing that one of the determinations made finally by the United States Supreme Court in the *Two Guys* case is that the Pennsylvania statute does not violate the equal protection clause of the fourteenth amendment to the federal constitution.

Appellant seeks to counter the conclusion that Article III, §7, and the fourteenth amendment correspond in their protections by asserting, first, that this Court must determine the state constitutional question independently and, second, that standards applied by federal courts in testing legislation under the federal constitution are less sweeping than those used by a state court in applying relevant sections of the state constitution. The first contention is not open to argument. State constitutional issues are ultimately decided by this Court, not the federal courts.

That the Act of 1959 does not apply to all sales of commodities or even to retail sales of all commodities is self-evident. It selects the retail sale of a limited number of items for intensified restriction, leaving the sale of other items to the basic provisions of the Act of 1939, June 24, P. L. 872, §699.4, 18 P.S. §4699.4.

But a classification in and of itself is not prohibited by Article III, §7, as we have many times held, e.g., *Seabolt v. Commissioners,* 187 Pa. 318, 323, 41 Atl. 22 (1898); *Commonwealth v. Gilligan,* 195 Pa. 504, 509, 46 Atl. 124 (1900) as long as the classification is reasonable and founded upon a genuine distinction, *Smith Case,* 381 Pa. 223, 233, 112 A. 2d 625 (1955). Moreover, Article III, §7 does not provide for a test of the wisdom of a classification but only of its good faith and reasonableness. *Smith Case.* In appeal, therefore, we need only decide if the distinctions are reasonable. In this light we are not prepared to agree with appellant that the federal and state standards are significantly different. See *Williamson v. Lee Optical, Inc.,* 348 U. S. 483, 99 L. Ed. 563, 75 S. Ct. 461 (1955).

There exists in the Act of 1959, of course, no geographical distinction; so the act cannot be regarded only as a local one. And, as indicated above, it does not exist as an isolated enactment but rather as one increasing penalties in a certain area of generally restricted activity. Justice FRANKFURTER, concurring in the *Two Guys* decision, pointed out the bases upon which the reasonableness of the 1959 Act must be upheld: "Rather it [the 1959 statute] singles out the area where a danger has been made most evident, and within that area treats all business enterprises equally. That in so doing it may have drawn the line between the sale of a sofa cover, punished by a hundred-dollar fine, and the sale of an automobile seat cover, punished by a four dollar fine, is not sufficient to void the legislation. '[A] State may classify with reference to the evil to be prevented, and . . . if the class discriminated against is or reasonably might be considered to define those from whom the evil mainly is to be feared, it properly may be picked out. A lack of abstract symmetry does not matter. The question is a practical one dependent upon experience. The demand for sym-

metry ignores the specific difference that experience is supposed to have shown to mark the class. It is not enough to invalidate the law that others may do the same thing and go unpunished, if, as a matter of fact, it is found that the danger is characteristic of the class named.' Mr. Justice HOLMES, in Patsone v. Pennsylvania, 232 U. S. 138, 144." (366 U. S. at 541-542).

This reasoning is equally as applicable to the question here before us. We are satisfied that the legislative classification bears a reasonable and logical relationship to the end sought, that of effective enforcement of a valid legislative act in an area particularly subject to violation.

Appellant's second point of attack is that the statute violates the federal constitution because of a policy of discriminatory enforcement. In this respect the court below originally found as a fact (No. 14) that the Police Commissioner of Philadelphia had established a policy of enforcing the act only against employees of certain large retail establishments. It also found as facts (Nos. 11 and 12) that this enforcement policy was followed because of limited personnel available to the commissioner, no findings being made, however, that the policy resulted from any arbitrary and evil design.

In deciding this phase of the case, we are initially confronted by the fact that the constitutionality of the statute cannot be governed by its enforcement unless the discrimination in enforcement flows directly from a discrimination intended by the statute, a conclusion we cannot here draw. Secondly, Police Commissioner Gibbons is no longer in office (nor is District Attorney Blanc, the other defendant directly involved in law enforcement activity) ; and no findings regarding enforcement were made as to the other defendants. This means that we are being asked to authorize the issuance of an injunction against a public official as a re-

sult of an alleged policy of discrimination set by him when he is no longer able to enforce the statute. We must conclude under these circumstances that the action against the defendants on the enforcement issue necessarily abated upon the commissioner's leaving office and that no injunctive relief on this ground can be justified. Cf. *Pullman Company v. Knott*, 243 U. S. 447, 61 L. Ed. 841, 37 S. Ct. 428 (1917).

Decree affirmed at appellant's costs.

---

CONCURRING AND DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I agree that the alleged policy of discriminatory enforcement did not amount to a violation of the Constitution. However, in my judgment, the Act of August 10, 1959,[*] offends and violates the provisions of Article III, §7, of the Pennsylvania Constitution.

The Act of 1959, supra, provides: "Whoever engages on Sunday in the business of selling, or sells or offers for sale, on such day, at retail, clothing and wearing apparel, clothing accessories, furniture, housewares, home, business or office furnishings, household, business or office appliances, hardware, tools, paints, building and lumber supply materials, jewelry, silverware, watches, clocks, luggage, musical instruments and recordings, or toys, excluding novelties and souvenirs, shall, upon conviction thereof in a summary proceeding for the first offense, be sentenced to pay a fine of not exceeding one hundred dollars ($100), and for the second or any subsequent offense committed within one year after conviction for the first offense, be sentenced to pay a fine of not exceeding two hundred dollars ($200) or undergo imprisonment not exceeding thirty days in default thereof.

---

[*] P. L. 660, §1, 18 PS §4699.10.

136

"Each separate sale or offer to sell shall constitute a separate offense."

The Legislature may validly and Constitutionally enact a law prohibiting all worldly business on Sunday, with the possible exception of necessities or acts of charity: *Commonwealth ex rel. v. American Baseball Club of Phila.*, 290 Pa. 136, 138 A. 497, and cases cited therein: *Commonwealth v. Nesbit*, 34 Pa. 398; *Johnston v. Commonwealth*, 22 Pa. 102; *Specht v. Commonwealth*, 8 Pa. 312; *Commonwealth v. Bauder*, 188 Pa. Superior Ct. 424, 145 A. 2d 915, affirming 14 Pa. D. & C. 2d 571; *Commonwealth v. Taber*, 188 Pa. Superior Ct. 415, 145 A. 2d 908, affirming 14 Pa. D. & C. 2d 591. The Legislature did not do so.

The Legislature could have validly and Constitutionally amended the Act of 1939 to increase the fine from $4.00 to $100.00 or more for sales of goods or worldly employment on Sunday. It did not do so.

Instead of increasing the penalties for every person and company which did worldly business or sold worldly goods (except so-called necessities) on Sunday, the Act of 1959 amended the Act of June 24, 1939, P. L. 872, by adding Section 699.10, which singled out the above-enumerated items for the large fines or penalty above set forth, and retained the prior law which imposed merely a $4.00 fine (or in default, six days' imprisonment) for sales or worldly employment or business.* Appellant contends that the Act of 1959 violates Article III, Section 7, of the Pennsylvania Constitution. Section 7 pertinently provides: "The General Assembly shall not pass any local or special law . . . Regulating labor, trade, mining or manufacturing: . . . ." Section 7 contains 28 specific restrictions or prohibitions. This is different from the 14th Amend-

---

* With certain specific exceptions which amounted to, and are frequently called, "necessaries".

ment to the Constitution of the United States, which merely guarantees to all citizens the Equal Protection of the Laws.

The restrictiveness of the many provisions of Section 7 was pointed out in *Commonwealth v. Gilligan*, 195 Pa. 504, 46 A. 124, where this Court appropriately said (page 512) : ". . . The constitution of 1873 was a new departure in the history of the law. Instead of being confined, in accordance with the traditions of American institutions, to the framework of the government as composed of general and fundamental principles, it was converted into a binding code of particulars and details which had previously been left to the province of ordinary legislation. And the ruling motive with which we are now specially concerned was profound distrust of the legislature. As pointed out by our Brother Dean in Perkins v. Philadelphia, 156 Pa. 554, article 3 contains sixty specific prohibitions of legislation besides other restrictions and regulations not absolutely prohibitory."

With this basic distinction between the Pennsylvania Constitution and the Federal Constitution in mind, we proceed to a consideration of the meaning of Article III, §7, and its application to the case at bar. In testing the Constitutionality of an Act of the General Assembly, we do not sit in judgment on legislative wisdom but only on legislative power; and we will declare such an Act unconstitutional only when it clearly and palpably violates the Constitution: *Allentown School District Mercantile Tax Case*, 370 Pa. 161, 87 A. 2d 480; *Evans v. West Norriton Township*, 370 Pa. 150, 87 A. 2d 474; *Tranter v. Allegheny County Authority*, 316 Pa. 65, 173 A. 289; cf. *Cali v. Philadelphia*, 406 Pa. 290, 177 A. 2d 824.

The test for an Act such as the one here challenged, is whether or not it constitutes class legislation and this, in turn, depends upon (1) whether there was a

reasonable and proper basis for the classification and such classification is founded upon a real and not an artificial or arbitrary distinction, and (2) whether the legislation is based upon a demand or a necessity which (a) springs from manifest differences and peculiarities from other persons or subjects not included therein and (b) requires or sustains such legislation.

In *Kurtz v. Pittsburgh*, 346 Pa. 362, 31 A. 2d 257, the Court, speaking through Mr. Chief Justice MAXEY, gave the following pertinent definition and analysis of what constitutes class (and in particular *prohibited* class) legislation (pages 367-370): "Class legislation has frequently been declared void by this Court, and what is class legislation has been defined and illustrated in a long line of decisions. In Penna. Co. for Insurances on Lives and Granting Annuities et al., Appellants, v. Scott, Prothonotary, et al., 329 Pa. 534, 198 A. 115, this Court in an opinion by Mr. Justice LINN quoted what was said in Laplacca et ux. v. Phila. Rapid Transit Co., 265 Pa. 304, 108 A. 612, as follows: 'The basis for classification must be reasonable and proper and founded upon a real, and not merely artificial, distinction between the members of the class and the general public, and based upon "a necessity springing from manifest peculiarities, clearly distinguishing those of one class from each of the other classes, and imperatively demanding legislation for each class, separately, that would be useless and detrimental to the others" '. Many examples of legislation that was declared void because it was class legislation were cited and referring to one of these examples the opinion said: 'In Wood v. Philadelphia, 46 Pa. Sup. Ct. 573, the Civil Service Act of 1906, P. L. 83, was declared invalid because it provided that it should not apply to any soldier, sailor or marine honorably discharged from service in any war for the United States Government nor to their widows or children'.

"In Ayars' Appeal, 122 Pa. 266, 16 A. 356, Justice STERRETT said: 'The underlying principle of all the cases is that classification . . . is essentially unconstitutional, unless a necessity therefor exists. . . .' This principle was applied in Commonwealth ex rel. Brown v. Gumbert et al., 256 Pa. 531, 100 A. 990. Although the legislation under attack there was 'humanitarian', we said that a 'positive constitutional requirement' cannot be disregarded because of an act's 'beneficent aim'.

"In Com. v. Casey, 231 Pa. 170, 80 A. 78, this Court declared unconstitutional as class legislation the Act of July 26, 1897, P. L. 418, which regulated the hours of workmen in the employ of the state or municipal corporations. We said there: 'It is impossible to suggest a difference between municipal corporations and private corporations that would make a regulation as to number of hours to be employed in a day suitable for one class unsuitable for the other. . . . The classification here attempted is not with a view to meet the wants of municipal corporations as distinguishable from other corporations, but to ameliorate labor conditions, and it rests on neither distinction nor difference. . . . As well attempt to classify for labor regulations corporations according to their capital stock, and impose the regulations upon those only whose capitalization brings them within the designated class . . .' In Com. v. Clark, 14 Pa. Superior Ct. 435, an Act which prohibited the discharge of employees of corporations because of membership in lawful labor organizations was held void as class legislation. There President Judge RICE said: 'It [the Act] extends protection to the employees of corporations . . . while denying the same protection to the employees of individuals, firms and limited partnerships . . . *arbitrary selection can never be justified by calling it classification** . . . Surely no one would contend that such arbitrary selection

---

* Italics ours.

of persons for the purposes of legislation upon a subject with respect to which these persons differ in no particular from other persons would be justified upon the principle that if a law deals alike with all of a certain class it is a general law. . . . The test to be applied to classification is the genuineness and substantial nature of the distinctions.'

"In Laplacca v. Phila. R. T. Co., 68 Pa. Superior Ct. 208, an Act which singled out attorneys as entitled to special rights as creditors was declared void as 'involving an artificial and arbitrary classification'. In Scowden's Appeal, 96 Pa. 422, this Court through Mr. Justice PAXSON condemned as unconstitutional an act based on an arbitrary classification and said: 'It is special legislation under the attempted disguise of a general law. Of all forms of special legislation this is the most vicious.' " Cf. *Heuchert v. State Harness Racing Commission*, 403 Pa. 440, 446-447, 170 A. 2d 332; *Smith Case*, 381 Pa. 223, 233, 112 A. 2d 625.

We are convinced that the Act of 1959 falls squarely within the ambit of the cases cited and quoted above.

It is clear that the attempted classification is obviously arbitrary and artificial, and no reasonable or proper or real or justifiable basis or distinction can be found between the class of goods or the sellers enumerated in the Act of 1959 and those omitted from it. For example, there is no real or proper distinction between bicycles, auto seat covers, souvenir ashtrays, real footballs, wholesale clothing, houses, grass seed, pistols and golf shoes, which do not fall within the Act of 1959, and tricycles, house slip covers, real ashtrays, toy footballs, retail clothing, furniture, rakes, baby diapers and regular shoes, which are embraced in its provisions—these differences are merely artificial and arbitrary distinctions without any real or reasonable or justifiable difference. Furthermore there is no necessity or manifest peculiarity or legal justification for singling out sellers

of the items enumerated in the Act of 1959 for a special and greatly increased fine or imprisonment, from sellers of all other items which are subject to the $4 fine or lesser imprisonment.

It is contended that *Two Guys From Harrison-Allentown, Inc. v. McGinley,* 366 U. S. 582, controls this case. We disagree. That case held that the Act of 1959, supra, did not violate the Equal Protection Clause of the Federal Constitution. Article III, §7, of the Pennsylvania Constitution, is in some respects similar to, but *is not the same as,* the Equal Protection Clause of the Federal Constitution, and hence the decision in *Two Guys* is not controlling on this Court's interpretation of Section 7. Cf. *William Goldman Theatres, Inc. v. Dana,* 405 Pa. 83, 173 A. 2d 59. Compare also the contrast between the following Pennsylvania cases which held that Article III, §7, was violated, with the following United States cases which held that there was no violation of the Equal Protection Clause: *St. Louis Poster Advertising Co. v. City of St. Louis,* 249 U. S. 269, and *Gambone v. Commonwealth,* 375 Pa. 547, 101 A. 2d 634; *Hodge Drive-It-Yourself Co. v. Cincinnati,* 284 U. S. 335 and *Hertz Drivurself Stations v. Siggins,* 359 Pa. 25, 58 A. 2d 464; *62 Cases of Jam v. United States,* 340 U. S. 593, and *Com. ex rel. Woodside v. Sun Ray Drug Co.,* 383 Pa. 1, 116 A. 2d 833.

Appellant contends that the Act of 1959 is so burdensome to it that it is unconstitutional as a violation of the police power: *Gambone v. Commonwealth,* 375 Pa., supra. In that case the Court said (pages 550-552) : "Probably the most important function of government is the exercise of the police power for the purpose of preserving the public health, safety and morals, and it is true that, to accomplish that purpose, the legislature may limit the enjoyment of personal liberty and property. It is also true, as stated in Commonwealth v. Zasloff, 338 Pa. 457, 460, 13 A. 2d 67, 69, that the

police power has been juridically extended to many fields of social and economic welfare. But, as likewise there stated, the power is not unrestricted; its exercise, like that of all other governmental powers, is subject to constitutional limitations and judicial review. By a host of authorities, Federal and State alike, it has been held that a law which purports to be an exercise of the police power must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the objects sought to be attained. Under the guise of protecting the public interests the legislature may not arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations. The question whether any particular statutory provision is so related to the public good and so reasonable in the means it prescribes as to justify the exercise of the police power, is one for the judgment, in the first instance, of the law-making branch of the government, but its final determination is for the court."

Assuming that the Act of 1959 was passed under and by virtue of the police power, there was no violation of that power under the facts presented by the record in this case.