## Commonwealth v. Montag et al.

*Donald F. Spang*, for Commonwealth.
*Norman E. Dettra*, for defendants.

READINGER, J., November 20, 1964.—These are appeals from summary convictions of defendants under the Act of Assembly of June 24, 1939, P. L. 872, sec. 699.10, as amended by the Act of August 10, 1959, P. L. 660, sec. (1), 18 PS §4699.10, the Pennsylvania Penal Code, commonly known as a Sunday Blue Law.

The facts are not in dispute and have been stipulated by the Commonwealth and counsel for defendants as follows:

On Sunday, December 15, 1963, defendant Montag, an employe of Two Guys From Harrison, Inc., located in Cumru Township, Berks County, Pa., sold at retail a game of Scrabble and a game of Parcheesi to a customer. Defendant McGlynn was the manager of said store on that date, and was charged with permitting the sale of a game of Scrabble, in violation of the aforesaid Act of Assembly. Upon hearing before the justice of the peace, they were each found guilty and each fined the sum of $100 and costs of prosecution.

This being an appeal from a summary conviction, it is our duty to find defendants guilty or not guilty, based upon the facts as stipulated: Commonwealth v. Miller, 173 Pa. Superior Ct. 168. In order to make that determination, we must first decide whether a game is a toy, as the Act of Assembly, 18 PS §4699.10, provides as follows:

"Whoever engages on Sunday in the business of selling, or sells or offers for sale, on such day, at retail, . . . , or toys, excluding novelties and souvenirs, shall, upon conviction thereof in a summary proceeding for the first offense, be sentenced to pay a fine of not exceeding one hundred dollars ($100), . . ." [Provisions not pertinent deleted.] This being a penal statute it must be strictly construed against the Commonwealth: Commonwealth v. Schugardt, 29 D. & C. 2d 632.

As noted by the Pennsylvania Supreme Court in Bargain City, U.S.A., Inc. v. Dilworth, 407 Pa. 129, §4699.10 of the Penal Code selects the retail sale of a limited number of items for intensified restriction, thereby leaving the sale of other items to the basic provisions of §4699.4 of the said Penal Code.

Defendants contend that the Commonwealth, by specifically restricting the sale of toys, excluding novelties

and souvenirs, leaves the sale of games to the basic provisions of §4699.4 of the Penal Code. No brief has been supplied us by the Commonwealth, and it is our opinion that we should adopt the argument of counsel for defendants as set forth above.

Webster's New International Dictionary, 2d ed. vol. 3 (1945), describes a toy as:

"a plaything; something that is merely amusing or diverting; a thing to play with, specifically an article, often an imitation of a living or manufactured thing on a small scale designed and made for the amusement of a child or for his use in play."

Similarly, a game has been defined as being:

"a diversion of the nature of a contest played according to rules and decided by superior skill, strength or good fortune."

A distinguishing feature between a toy and a game is that a game has as its essential purpose the element of contest requiring superior skill, knowledge or chance. Although human beings derive amusement from both toys and games, it is this element of contest whereby two or more players pit themselves one against the other or, in some instances as in the case of solitaire, a player pits himself against the game itself, which separates games from toys.

We hold, specifically, that Scrabble and Parcheesi are games, not toys, and that as such they are not governed by §4699.10 of the Penal Code, and therefore find defendants not guilty of the charges brought against them.

Accordingly, we enter the following

*Order*

And now, November 20, 1964, defendants, Thomas Montag and Joseph A. McGlynn, are adjudged not guilty and the costs of prosecution are placed on the County of Berks.