## In re Costigan, Register of Wills

Before *Klein, Admin. J., Gutowicz, Bruno, Pawelec* and *Jamison, JJ.*

*Arthur M. Cooper,* for Commonwealth.
*John P. Quinn,* for respondent.

C. KLEIN, *Admin. J.,* January 19, 1976—The Secretary of Revenue of the Commonwealth of Pennsylvania contends that he is entitled, as a matter of law, to nominate his agent to apply for and receive letters of administration when residents of Pennsylvania die allegedly intestate and without heirs.

Robert W. Costigan, the respondent, who was Register of Wills of Philadelphia County from January 1972 to January 5, 1976, has challenged the secretary's interpretation of the law. He has consistently refused to appoint the secretary's nominees unless the Commonwealth could affirmatively establish that it was the statutory heir, and has granted letters to other persons of his choice.

*On May 15, 1974, Vincent X. Yakowicz, then Secretary of Revenue, filed a complaint against

---

*The Comonwealth has on several occasions in various diverse proceedings unsuccessfully attempted to compel a register of wills to appoint its nominee as administrator when the decedent died intestate without leaving any known heirs. See Cleaver Estate, 8 Fiduc. Rep. 546 (Erie Co., 1958); Barnhart

Register Costigan in the Commonwealth Court of Pennsylvania, which was intended to be within the original jurisdiction of the court, under section 401(2) of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673 (No. 223), 17 P.S. §211.401(2): Yakowicz v. Costigan, 17 Pa. Commonwealth Ct. 287, 331 A. 2d 238 (1975).

Generally, the complaint alleges that in violation of sections 2103(6) and 3155(b)(3) of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508 (No. 164), as amended, 20 Pa.C.S. §§2103(6) and 3155(b)(3), the register had refused to grant letters of administration to named agents nominated by the secretary in the administration of estates in Philadelphia County where a decedent had died without known heirs. The complaint requested the Commonwealth Court to enjoin the register from engaging in such "illegal and improper practices." On May 28, 1974, the register filed an answer in which he denied any improper action, and alleged that the secretary had no authority to appoint persons to administer estates, but rather that such appointments, under the code, were within the register's discretionary power of appointment.

On July 30, 1974, the secretary filed a motion for judgment on the pleadings under Pa.R.C.P. 1034; and, thereafter, on November 6, 1974, the register filed a motion for summary judgment under Pa.R.C.P. 1035. Both motions were denied in an opinion by Kramer, J., in which he said, at page 241:

---

Estate, 9 Fiduc. Rep. 487 (Greene Co., 1959); Colossa Estate, 21 Fiduc. Rep. 77 (Washington Co., 1970); Gallagher Estate, (Montgomery Co., opinion by Taxis, J., May 11, 1972, unreported).

"This Court does not have jurisdiction to determine whether the Commonwealth of Pennsylvania is a statutory heir, for that is within the exclusive jurisdiction of the Orphans' Court. We can find no authority for this Court enjoining a register of wills of any county from carrying out his statutory duty to appoint persons to administer estates of deceased persons. The Code, quoted above, clearly gives the Register of Wills the power and discretion to make such appointments. Any alleged abuse of that discretion must be passed upon by the orphans' courts. We conclude that this Court has no jurisdiction to entertain the complaint filed in this case. . . . Whether the Register may arbitrarily refuse to accept the agents or nominees or counsel recommended by the Secretary is a matter which will have to be determined through the Orphans' Court and, eventually, our Supreme Court."

On June 23, 1975, George J. Mowod, successor to Vincent X. Yakowicz as Secretary of Revenue, filed with this court a petition which is, in many respects, similar to the one filed with the Commonwealth Court. In his petition, the secretary asks for an injunction to permanently enjoin Register of Wills Costigan, "from granting letters of administration in the estates of Philadelphia County residents dying allegedly intestate and without known heirs to persons other than agents of the Commonwealth of Pennsylvania nominated by plaintiff, or by any Secretary of Revenue succeeding plaintiff, except in those instances where, after notice of any such intestacy, the Commonwealth of Pennsylvania, in writing, renounces its right to make such nominations."

In the petition, the secretary states that, in a number of instances, Costigan has refused to grant

letters of administration to agents of the Commonwealth nominated by plaintiff and his predecessor, Yakowicz. Plaintiff further sets forth in detail the circumstances of three specific cases in which he charges that Costigan has acted improperly. Costigan filed a responsive answer, whereupon the Commonwealth filed a motion for judgment on the pleadings to which Costigan filed an answer in which he "moves the Court to enter judgment in favor of defendant and against plaintiff or, in the alternative to dismiss plaintiff's Motion for Judgment on the Pleadings."

We dismiss the Commonwealth's petition for an injunction against Robert W. Costigan as we have concluded that the action has abated and is now moot: Bargain City U.S.A., Inc. v. Dilworth, 407 Pa. 129, 179 A. 2d 439 (1962), was an action in equity to enjoin, inter alia, the District Attorney and the Police Commissioner of the City of Philadelphia from enforcing the Act of August 10, 1959, P.L. 660, 18 P.S. §4699.10, which prohibited Sunday retail sales of certain specified commodities, upon the ground that the act violates the Fourteenth Amendment to the United States Constitution because its enforcement had been conducted in a discriminatory manner by the Philadelphia officials charged with the duties of enforcement. During the pendency of the appeal, both the named district attorney and police commissioner had ceased to hold these offices. In dismissing the complaint, our Supreme Court said, at page 134:

". . . Police Commissioner Gibbons is no longer in office (nor is District Attorney Blanc, the other defendant directly involved in law enforcement activity); and no findings regarding enforcement were made as to the other defendants. This means that

we are being asked to authorize the issuance of an injunction against a public official as a result of an alleged policy of discrimination set by him when he is no longer able to enforce the statute. We must conclude under these circumstances that the action against the defendants on the enforcement issue necessarily abated upon the commissioner's leaving office and no injunctive relief on this ground can be justified. Cf. Pullman Company v. Knott, 243 U. S. 447, 16 L.Ed. 841, 37 S. Ct. 428 (1917)."

See the scholarly and comprehensive opinion of Judge Kreider in Two Guys from Harrison-Allentown, Inc. v. McCartney, 80 Dauph. 368 (1963).

Mr. Costigan is no longer Register of Wills of Philadelphia County. If an injunction were granted against him, it would be meaningless as he is no longer in office. His successor, Thomas A. Leonard, is not a party to this litigation. We cannot charge him with any illegal, improper or unauthorized conduct for which Mr. Costigan may be responsible.

In Pullman Company v. Knott, 243 U.S. 447 (1917), the United States Supreme Court said, at 243 U.S. 449, 450:

"The case upon which the subsequent decisions are rested is United States v. Boutwell, 17 Wall. 604. In that case the rule and the reasons for it were stated by the Court. That was a suit for mandamus against the Secretary of the Treasury, and involved the right to substitute the successor of the Secretary, *his term of office having expired since the suit was commenced.* The court held that the right to a writ of mandamus ceased to exist upon the defendant retiring from the office of Secretary, and that in the absence of a statute the writ must neces-

sarily abate. The court further held that the duty sought to be enforced was a *personal one,* and existed only so long as the office was held; that *the court could not compel the defendant to perform such duty after his power so to do had ceased;* that if the successor in office could be substituted he might be mulcted in costs for the fault of his predecessor, without any delinquency of his own; *and that were a demand made upon him he might discharge the duty rendering the interposition of a court unnecessary,* and, in any event, the successor was not in privity with his predecessor, nor was he his personal representative. (17 Wall. 604, 607, 608)." (Emphasis supplied.)

We know of no statute, and plaintiff has directed our attention to none, which permits the substitution of Mr. Leonard for Mr. Costigan in this litigation. We, therefore, rule that the present proceeding is moot and that we have no authority to grant the secretary's motion for an injunction against Mr. Costigan.

But even if the action against Mr. Cositgan had not abated and we were compelled to render a decision on the merits, we are all of the opinion that the Commonwealth's request for an injunction would have to be dismissed.

The secretary, in support of his position, relies upon sections 2103(6) and 3155(b)(3) of the Probate, Estates and Fiduciaries Code, supra. Section 2103 provides that the share of the estate, if any, as to which the surviving spouse is not entitled, and the entire estate if there is no surviving spouse, shall descend in order to a designated list of decedent's next of kin. Subsection 2103(6) states:

"Commonwealth. In default of all persons hereinbefore described, then to the Commonwealth of Pennsylvania."

Section 3155(b) of the code provides:

"(b) Letters of administration. Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, except for good cause, in the following order:

"(1) Those entitled to the residuary estate under the will.

"(2) The surviving spouse.

"(3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class.

"(4) The principal creditors of the decedent at the time of his death.

"(5) Other fit persons.

"(6) If anyone of the foregoing shall renounce his right to letters of administration, the register, in his discretion, may appoint a nominee of the person so renouncing in preference to the persons set forth in any succeeding clause."

The issuance of letters of administration by the register of wills is a judicial act. The remedy of a party aggrieved by a decree of the register is by appeal to the Orphans' Court which has exclusive jurisdiction in the matter. See sections 711(18) and 908 of the Probate, Estates and Fiduciaries Code, supra.

In Schulz Estate, 392 Pa. 117, 139 A. 2d 560 (1958), Mr. Justice (now Chief Justice) Jones, speaking for a unanimous court, said, at page 123:

"The statute commits to the Register of Wills, in the first instance, the duty to grant letters of administration and *in the performance of that duty the Register acts in a judicial capacity.* On appeal

from his action judicial review is confined to a determination whether the Register of Wills has abused his discretion in the appointment of an administrator: Phillip's Estate, 293 Pa. 351, 355, 143 A. 9; McMurray's Estate, 256 Pa. 233, 235, 100 A. 798 . . ." (Emphasis supplied.)

Since the grant of letters by the register is a judicial act, it cannot be impeached collaterally and the remedy is by appeal: Commonwealth ex rel. Winpenny v. Bunn, 71 Pa. 405 (1872).

Where a statute provides relief by way of appeal, a court will not issue a blanket injunction in an independent action. Since the law affords plaintiff a complete and adequate remedy at law, there is no occasion for a court to grant equitable relief by issuing an injunction.

In Homestead v. Allegheny County Board, 440 Pa. 113, 121, 269 A. 2d 904 (1970), the court said:

"A Court of Common Pleas has no jurisdiction to consider an action for an injunction, such as that presented in this case, where (1) a constitutionally valid statute provides an explicit and exclusive administrative remedial process . . . and (2) where the statutory remedy is adequate and compliance with the statutory scheme will not result in irreparable harm."

See Commonwealth v. Glen Alden Corporation, 418 Pa. 57, 210 A. 2d 256 (1965); O'Donnell v. Pa. Liquor Control Board, 351 Pa. 129, 40 A. 2d 392 (1944).

The Commonwealth has not alleged that it has suffered injury or irreparable harm should its request for an injunction be denied. It states (paragraph 15 of complaint) that:

"Plaintiff's only remedy at law is a series of petitions to revoke letters of administration granted by

defendant to his own nominees, which would require a multiplicity of legal actions all involving the same identical legal question."

Although filing of appeals to the Orphans' Court in those cases in which the Commonwealth believes it has been aggrieved may be an inconvenience, it certainly does not constitute irrevocable harm which would entitle it to the injunctive relief it requests. Each request for the grant of letters of administration is sui generis and the propriety of the register's action depends upon the facts and attending circumstances of each case. By his request for judgment on the pleadings, the secretary is attempting to obtain an all-embracing order which would, in effect, constitute an improper restraint and usurpation, in all future cases, of the judicial function mandated by law to be exercised by the register of wills without regard or consideration for any of the factual or legal issues which may arise in such cases. The remedy for anyone aggrieved by the register's judicial action is by appeal as mandated by the statute, not by injunction.

Accordingly, we enter the following

## DECREE

And now, January 19, 1976, the motion of George J. Mowod, Secretary of Revenue of the Commonwealth of Pennsylvania, for judgment on the pleadings is denied; the motion of Robert W. Costigan to enter judgment in his favor is granted, and it is ordered that the complaint be hereby dismissed.